(133 App. Div. 582.)

UNITED MERCHANTS' REALTY & IMPROVEMENT CO. v. NEW YORK HIPPODROME.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. LANDLORD AND TENANT (§ 5*)—EXISTENCE AND CREATION OF RELATION— EVIDENCE.

Plaintiff let to defendant the roof of certain premises, to be used for erecting thereon a bulletin board for advertising, the defendant to have access to the roof during business hours, plaintiff reserving the right to enter on the roof, make any improvement it might require, or place skylights thereon at any time. No right of re-entry was reserved, and no possession of the premises was given, except for maintaining the sign. *Held*, that the conventional relation of landlord and tenant did not exist;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the fact that the parties used the words "let" and "landlord" in their agreement not being conclusive.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 5.*]

2. LANDLORD AND TENANT (§ 90*)—HOLDING OVER.

Whatever might be said to be the relation between the parties during the continuance of the agreement, that defendant did not remove the bulletin board from the roof, to which it was securely attached, during the time the agreement was in force, was not a holding over of the premises, entitling plaintiff to elect to continue the agreement for another year.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

Houghton, J., dissenting.

Appeal from Appellate Term.

Action by the United Merchants' Realty & Improvement Company against the New York Hippodrome. From a determination of the Appellate Term, reversing a judgment of the City Court in favor of defendant (61 Misc. Rep. 308, 113 N. Y. Supp. 740), defendant appeals. Reversed, and judgment of the City Court affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Benjamin N. Cardozo, for appellant.

S. M. Stroock, for respondent.

INGRAHAM, J.   The plaintiff, being the owner of premises on the corner of Thirty-Fourth street and Broadway, in the city of New York, entered into an agreement with the defendant whereby the plaintiff agreed to let and the defendant agreed to take "all of the roof on the premises known as No. 1313 Broadway, corner of Thirty-Fourth street, borough of Manhattan, city of New York, for a term of two years, commencing on the 1st day of December, 1905, and ending on the 1st day of December, 1907, said roof and space above it to be used solely for the purpose of erecting thereon a bulletin board for displaying advertising of a lawful nature," and the defendant agreed to pay to the plaintiff in equal monthly installments in advance a yearly rental of $2,000. It was further provided that the defendant should have the right to equip said bulletin board with the necessary equipment, consisting of wires and such other things as might be necessary or incidental to erecting said sign, provided the defendant obtains the requisite consents from the municipal departments and the board of fire underwriters; and for the purpose of erecting and maintaining said sign the defendant was to have access to the roof during business hours. The defendant was to keep the plumbing work and other parts of the roof in repair at its own expense, and plaintiff reserved the right to enter upon said roof and make any improvement it might require, or place skylights thereon, at any time.

The case was tried upon an agreed statement of fact, from which it appeared that the defendant entered upon the roof of this building, and occupied the same in accordance with the terms of this agreement, and caused to be erected on said roof a large iron sign, which was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

controlled or maintained by it during the term of the agreement; that on and after the 1st day of December, 1907, the date upon which the agreement aforesaid expired, the said sign remained on said premises after said date without the consent of the plaintiff; that on the 5th day of December, 1907, the plaintiff wrote a letter to the defendant, stating that, as the defendant had held over beyond the term of its lease, plaintiff elected to continue to hold defendant as a hold-over for another year; that prior to December 1, 1907, the defendant had notified the plaintiff that it intended to remove from the said premises and no longer occupy the same; that the said sign remained on the premises after December 1, 1907. The trial court found that under these circumstances the defendant was not a hold-over, so as to entitle the plaintiff to continue the agreement for another year, and judgment was entered thereon dismissing the complaint. The Appellate Term reversed this determination and directed judgment for the plaintiff.

Whether or not this agreement constituted a lease of the roof of this building is a question not free from doubt; but I am inclined to think that the conventional relation of landlord and tenant did not exist. The fact that the parties used the words "let" and "landlord" is not conclusive. The plaintiff let to the defendant, and the defendant agreed to take, all of the roof of the premises, said roof and space above it to be used solely for the purpose of erecting thereon a bulletin board for displaying advertisements of a lawful nature, for which privilege the defendant was to pay $2,000 a year. There was no specific property leased, but what seems to have been intended was a right to use the roof to erect upon it an advertising sign. The use to which the roof was to be put was strictly limited, and the plaintiff reserved the right of access to the roof at all times. The plaintiff agreed to give the defendant access to the roof during business hours; but such right of access was restricted to the purpose of erecting and maintaining said sign, or changing said sign or the equipment thereof from time to time. There was no right of re-entry reserved, and none was necessary, as the plaintiff had the right of access to the roof at all times. There was no covenant to deliver possession of the premises at the expiration of the agreement, and no possession of the premises was given, except for the purpose of maintaining the sign. It is quite clear that the defendant was not given exclusive possession of the premises at any time. The most that it had under this agreement was a right to erect this sign or structure upon the building and maintain it during the continuance of the agreement for advertising purposes, for which it agreed to pay to the plaintiff a sum of money.

I think the case comes fairly within Reynolds v. Van Beuren, 155 N. Y. 122, 49 N. E. 763, 42 L. R. A. 129, although in this case, in consequence of the fact that the defendant erected the structure and agreed to keep it in repair, it would have been liable if the sign had fallen into the street and injured a person there. But it seems to me the essential element of a lease of real property is lacking; for by it the defendant acquired no right of possession of the property, but simply a right to erect an advertising sign upon the plaintiff's building and a right of access to the sign when erected, sufficient to insure its proper mainte-

nance during the time that the agreement existed.  It does not appear that a structure the defendant erected upon this property would not become a part of the freehold, and there was no provision in the agreement which authorized the defendant to remove the structure at its expiration.  The structure was erected upon the roof of the building, and without some agreement or understanding I think it became annexed to the building, which the defendant would not have the right to remove.  Prior to the termination of the agreement the defendant gave notice to the plaintiff that it would not continue the agreement, and it is not pretended that after the agreement expired the defendant did anything in connection with this advertising structure, that he entered at all upon the premises, or claimed any right to continue under the agreement.

Under the circumstances here disclosed, whatever may be said to be the relation between the parties during the continuance of the agreement, the fact that the defendant did not remove the bulletin board from the top of the plaintiff's building during the time that the agreement was in force was not a holding over of the premises which entitled the plaintiff to elect to continue the agreement for another year.  As a matter of fact the defendant never was in possession of any of the plaintiff's property.  It acquired a right for a limited period to erect a bulletin board upon the plaintiff's property, and maintained upon that bulletin board certain advertisements, with the right of access to the roof of the building so far as necessary to maintain such advertisements.  But it certainly cannot be said that at any time the defendant was in possession of the property, or that the plaintiff was out of possession.  It seems to me that the failure to remove a structure which it is doubtful whether the defendant had the right to remove without the consent of the plaintiff was not a holding over or continuing in possession of the plaintiff's property which authorized the plaintiff to continue the arrangement for another year.  The respondent cites several cases of the Appellate Term which sustain the determination that the agreement was a lease; but so far as they conflict with the views here expressed they must be considered as overruled.

It follows that the determination of the Appellate Term must be reversed, and the judgment of the City Court affirmed, with costs to the defendant in this court and in the Appellate Term.

McLAUGHLIN and LAUGHLIN, JJ., concur.  HOUGHTON, J., dissents.

CLARKE, J.  I concur solely upon the ground that leaving the structure, which was securely attached to the freehold, did not constitute a holding over.