UNITED MERCHANTS' REALTY & IMPROVEMENT CO. v. AMERICAN BILLPOSTING CO.

(Supreme Court, Appellate Term. April 8, 1911.)

1. LICENSES (§ 58*)—REVOCATION—IN GENERAL.

A "license" is a mere authority to use real property, and hence is revocable.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 116–120; Dec. Dig. § 58.*

For other definitions, see Words and Phrases, vol. 5, pp. 4133–4141; vol. 8, p. 7706.]

2. LICENSES (§ 54*)—CONTRACTUAL RIGHTS—ABANDONMENT.

Where a license is given by contract for a definite term and on a valuable consideration, a breach of the contract by abandoning the license gives rise to a personal action, and hence, where by an agreement a billposting company obtained a license to use a building for five years in consideration of annual rentals, it cannot abandon the contract without liability for its breach.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 112; Dec. Dig. § 54.*]

3. PLEADING (§ 387*)—VARIANCE—CURE.

Where a plaintiff puts in evidence a contract for a license, which he pleaded as an agreement of lease, the defendant cannot claim a variance, where it admitted making the agreement as set forth in the complaint.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 387.*]

4. DAMAGES (§ 120*)—MEASURE OF DAMAGES—BREACH OF CONTRACT.

The measure of damages for a breach of a contract, whereby the plaintiff gave defendant the advertising privileges of the roof of his building in consideration of an annual payment, is the amount of the unpaid annual payment; the plaintiff being under no obligation to incur any expense under the contract.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 120.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the United Merchants' Realty & Improvement Company against the American Billposting Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Hirsh & Rasquin (Emanuel Newman and Leon N. Futter, of counsel), for appellant.

Stroock & Stroock (Charles Levy, of counsel), for respondent.

LEHMAN, J. The plaintiff entered into an agreement with the defendant whereby it assumed to "lease" to the defendant the sign,

---

advertising, and display privileges for the roof of a building owned by it. The "lease" was for the term of five years, at the annual rent of $600.

A similar agreement has been construed by the Appellate Division of this department in the case of United Merchants' Realty Company v. New York Hippodrome Co., 133 App. Div. 582, 118 N. Y. Supp. 128. The court there intimated that under this agreement no exclusive possession of the "landlord's" property was given up, and that therefore the agreement never created the relation of landlord anu tenant, but rather the relation of licensor and licensee. The same interpretation was placed upon a similar agreement by the Court of Appeals in the case of Reynolds v. Van Beuren, 155 N. Y. 122, 49 N. E. 763, 42 L. R. A. 129. Relying upon these cases, the defendant now claims that the agreement created only a license to use the roof of the building, and that a license is necessarily revocable at the pleasure of the licensor, and imposed no burden upon the licensor, and that the agreement could therefore impose no burden upon the licensee, but that the licensee could abandon its benefits and refuse payment thereafter.

[1] The defendant in his brief cites many cases which hold that a license is revocable, even when acted upon, or when granted for a valuable consideration. In all these cases, however, the license was either for an indefinite term or expressly revocable. In no instance was the license granted in pursuance of a definite and valid agreement for a fixed term. There seems to be no doubt that a license is a mere authority to use real property, and is revocable whenever similar powers and authorities are revocable. [2] It does not follow, however, that where this authority is given in pursuance of a contract for a definite term, and upon a valuable consideration, a breach of the contract by revoking the authority does not give rise to a personal action upon the contract. The true rule would seem to be that, while the contract creates no right in the property itself which a court of equity will protect by injunction, where the parties have made a valid agreement for a license for a definite period, the revocation of that license will give rise to an action for breach of contract. See Hess v. Roberts, 124 App. Div. 328, 108 N. Y. Supp. 894. It is significant that even the cases of United Merchants' Realty Co. v. New York Hippodrome, supra, and Reynolds v. Van Beuren, supra, relied upon by the defendant, both intimate that the agreement creating a license gives rise to enforceable contractual rights between the parties for the term of the contract. See, also, Collister v. Hayman, 183 N. Y. 250, at page 255, 76 N. E. 20, 1 L. R. A. (N. S.) 1188, 111 Am. St. Rep. 740. It follows that the licensee could not abandon the contract without liability for its breach.

[3] The defendant, however, claims that, since the plaintiff has pleaded an agreement of lease, he cannot recover by proof of an agreement of a different character. If such an objection would in any event be available, the defendant cannot take advantage of it in this case, since his answer admits the making of the agreement as set forth in the complaint.

[4] The defendant also claims that the plaintiff has not shown any damages. It has shown that there is a definite sum due and unpaid

under the agreement. Since the plaintiff was under no obligations to perform any covenants under the lease, except to permit the defendant to use the premises, and was not required to incur any expense or perform any labor, the measure of damages was the amount of this unpaid sum.

The defendant has failed to establish that the plaintiff refused its employés access to the roof. The defendant's testimony on this point was stricken out, because no connection between the person refusing such access and the plaintiff was shown. Moreover, the defendant had apparently the same means of access which it considered sufficient for three years prior to the alleged refusal.

The judgment should therefore be affirmed, with costs. All concur.