STOCKHAM v. BOROUGH BILL POSTING CO.

(Supreme Court, Appellate Division, Second Department.   May 12, 1911.)

1. LICENSES (§ 44*)—CONTRACT—CONSTRUCTION.

Plaintiff, in consideration of a specified rental, leased to defendant bill posting company the exclusive privilege of erecting a signboard to be located on certain lots, for bill posting purposes; plaintiff reserving the right, if the property was sold or required for building purposes, to cancel all privileges on returning to defendant, a pro rata amount of the yearly rent, all signboards erected by defendant to remain its property, and it having the privilege of removing the same at the expiration of the lease. *Held*, that such contract was not a lease, but a license limited to its express terms, and, these not authorizing defendant to tear down and carry away plaintiff's inclosing fence, plaintiff was entitled to sue at once to recover damages for such act, whether his action be regarded as for waste or in trover or trespass.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 97–99; Dec. Dig. § 44.*]

2. LANDLORD AND TENANT (§ 55*)—WASTE—CAUSE OF ACTION—ACCRUAL.

An action for waste will lie against the tenant during the demised term; he being also liable during the term for the appropriation of materials severed by him, even if he was unimpeachable for waste.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 136–150; Dec. Dig. § 55.*]

Jenks, P. J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by George T. Stockham against the Borough Bill Posting Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Charles S. Taber, for appellant.

Peter P. Smith (Stephen J. McTague, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff is the owner of certain real estate in the borough of Brooklyn, on the northwest corner of Atlantic avenue and Cleveland street, having a frontage on the avenue of over 100 feet. On the 22d day of March, 1910, the property was inclosed by a substantial board fence on the line of Atlantic avenue, which had been constructed by the plaintiff at an expense of more than $60, and which the evidence shows would cost more than that sum to replace. On the day named, the plaintiff by his agent made an agreement in writing with the defendant as follows:

"Brooklyn, N. Y., March 22, 1910.

"In consideration of a yearly rental of $25 00/00 dollars, the undersigned, owner of lots located at N. W. cor. Atlantic avenue and Cleveland street, borough of Brooklyn, city of New York, hereby leases to the Borough Bill Posting Company, Brooklyn, N. Y., the exclusive privilege of erecting and using fence or signboard to be located on said lots for bill posting purposes; the owner reserving the right, in case said property is sold or required for building purposes, to cancel all privileges upon returning to the company a pro rata amount of said yearly rent. All fences or signboards erected by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the company remain its property and it has the right to remove the same at the expiration of this lease. Privilege of renewal is also given upon the same terms."

Shortly after the execution of this agreement, the defendant tore down and took away the plaintiff's line fence, and this action was brought to recover the damages thereby occasioned. After the evidence was closed on both sides, the court dismissed the complaint with the following memorandum:

"The lease (defendant's Exhibit No. 1) is still in existence and therefore the plaintiff's complaint, as to the damages sustained, is premature. If the defendant will fail or neglect to replace the plaintiff's fence in its original position, *after the expiration of the aforesaid lease*, then a cause of action for damages sustained would arise against the defendant; ergo after trial."

[1] The court evidently adopted the language of the document itself in treating and regarding it as a lease. It is not a lease. It created no tenure and gave no estate or even easement in the land. The plaintiff remained in possession of his land, and the defendant acquired a license only; the license being limited to the precise and express terms of the document. The license did not pretend to include a right to tear down and carry away the plaintiff's inclosing fence, but expressly limited the defendant to the privilege of erecting a fence or signboard of its own to be located on the lots and to be removed by it when the privilege ceased, either by the lapse of time or a cancellation of the privilege. It follows that whether the action be regarded as for waste, or in trover or trespass, it was fully made out, and the plaintiff was entitled to judgment.

In Jackson v. Babcock, 4 Johns. (N. Y.) 418, it was held that an instrument executed under seal by an owner of real estate, giving to another the right to build upon and to occupy the land at pleasure, conferred a mere license or personal privilege, but conveyed no title to the premises.

In Shepard v. McCalmont Oil Company, 38 Hun, 37, the owner of a tract of land made a written agreement, signed, sealed, acknowledged, and recorded, granting the exclusive right of entering upon any part of the lands, and of erecting buildings thereon with a right of way to and from the same for the purpose of gathering and preserving minerals and oils; and it was held that the instrument amounted merely to a license.

[2] Even regarding the agreement as a lease, the action, if for waste, is not premature. In Agate v. Lowenbein, 57 N. Y. 604, it was held that an action for waste would lie against a tenant during the demised term, and that he would be liable during the term for the appropriation of materials severed by him, even if he was unimpeachable for waste.

In Robinson et al. v. Kime, 70 N. Y. 147, it was held that the felling of trees for the purpose of sale by a tenant for life, to the injury of the reversioner, is waste, and that an action lies by the latter *immediately* to recover damages for the injury to the freehold.

The action of the defendant in removing the plaintiff's fence amounted to a unlawful trespass, and cannot be justified by the sug-

gestion that the fence might obstruct the view of a signboard located on the lots. If that be a fact, it furnishes a good reason for not obtaining the privilege on lots so inclosed, but no more justifies the removal of the fence without authority than it would the removal of a dwelling on the land occupied by the owner, on the pretense that the licensee's signboard could be seen better, if the building was not there. The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.

THOMAS, CARR, and RICH, JJ., concur in result.

JENKS, P. J. I dissent. In Borough Bill Posting Company v. Levy and American Bill Posting Company v. Borough Bill Posting Company, 129 N. Y. S. 740, decided herewith, we have held that such an instrument as is under consideration in this case is an easement in gross for one year from the date thereof, irrevocable during the period specified. The plaintiff complains that he is the owner of the vacant premises, inclosed by a fence which, in April, 1910, was unlawfully removed and destroyed and its material taken away, all by the defendant. The answer is a general denial. At the close of the case the court gave judgment for the defendant, in that, as "the lease is still in existence, * * * the plaintiff's complaint as to damages sustained is premature." The learned court expressed the opinion that, if the defendant neglected to replace the fence at the termination of the lease, the action would lie.

The proposition of the plaintiff is that this is an action for waste, which is not premature. It is true that such an action may lie during the continuance of a tenancy, for the question is whether the tenant, when he did the wrong, caused injury which effected the reversion. Agate v. Lowenbein, 57 N. Y. 604. But I think that the plaintiff did not prove a cause of action. The fence inclosed the premises when this instrument was made. But the instrument contemplated the erection of a fence by the defendant on said lots, for bill-posting purposes, and this is further indicated by the final provision therein that all fences erected by the company remain its property, etc. It appears that plaintiff's fence was on the building line, and was six feet high. If the defendant sought to set up a fence, without disturbance of plaintiff's fence, it must either place its own fence before or behind the existing fence. To place such fence before would be to place it outside of the building line, and it would not be "located on said lots," but upon the public thoroughfare as an encroachment. To place such fence behind a fence six feet high would presumably impair its use for bill-posting purposes. And there is evidence that the existing fence was unsuitable for such purposes. I think that a fair construction of the contract contemplated the substitution of a fence by the defendant for that of the plaintiff, and that therefore the defendant with impunity might remove the plaintiff's fence so far as it was necessary. And I think that an action for waste would not lie perforce only of such a removal during the life of the instrument. Upon the expiry of the period, inasmuch as the instrument provided that

any fence erected by defendant would remain the property of defendant, other questions might arise involving an obligation of replacement, and perhaps waste, which, however, it is not now necessary to consider.

Although plaintiff's fence, when it was in place, would be regarded as realty (Mott v. Palmer, 1 N. Y. 573; Goodrich v. Jones, 2 Hill [N. Y.] 142), yet, when it was detached from the realty by the defendant, it became the personal property of the plaintiff (Mott v. Palmer, supra; Mooers v. Wait, 3 Wend, [N. Y.] 106, 20 Am. Dec. 667); and, if the material were converted by the defendant, an action for trover would lie (Agate v. Lowenbein, supra; Mooers v. Wait, supra). In the former case the court say:

"Even when the tenant is unimpeachable for waste, if he exceeds his authority, trover will lie for the articles severed from the estate. Lushington v. Boldero, 15 Beav. 1, and cases cited in note to page 10; Wellesley v. Wellesley, 6 Sim. 497."

But the present action cannot be regarded as one of trover.