## REEVE v. DURYEE.

(Supreme Court, Appellate Division, Second Department. May 12, 1911.)

1. LICENSES (§ 44*)—CONTRACT—CONSTRUCTION.

A contract for a right to erect advertising matter was described as a "wall or fence permit," and provided that, in consideration of $50 cash payable yearly in advance, the owner leased to the R. Sign Company the entire side wall of a certain building for advertising purposes for one year with privilege of renewal at the same rate, and that, in case the sign was obstructed or the house sold, the money would be returned for the unexpired term. *Held*, that the instrument constituted a mere license revocable by the owner at will on returning a pro rata amount of the license fee for the unexpired term.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 97–99; Dec. Dig. § 44.*]

2. EASEMENTS (§ 1*)—DEFINITION.

An "easement" is a right without profit, created by grant or prescription, which the owner of one estate may exercise in or over the estate of another for the benefit of the former.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 1, 2, 5–7; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 3, pp. 2305–2311; vol. 8, p. 7646.]

3. LICENSES (§ 43*)—DEFINITION.

A "license" is a personal, revocable, and nonassignable privilege, conferred either by writing or parol, to do one or more acts on land, without possessing any interest therein.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 96; Dec. Dig. § 43.*

For other definitions, see Words and Phrases, vol. 5, pp. 4133–4141; vol. 8, p. 7706.]

4. LICENSES (§ 55*)—TERMINATION—DAMAGES.

Where defendant executed a license authorizing an advertising company to erect and maintain advertising matter on the wall of a build-

ing for a specified term, and also providing that, in case a sign was obstructed or the house was sold, the money should be returned for the unexpired term, and defendant's tenant obstructed plaintiff's sign by painting another sign over it, defendant was not entitled to recover as damages anything more than a pro rata proportion of the license fee for the unexpired term.

[Ed. Note.—For other cases, see Licenses, Dec. Dig. § 55.*]

Appeal from Municipal Court, Borough of Brooklyn, First District. Action by Harry Reeve against William E. Duryee. From a Municipal Court judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Thomas F. Murtha (Peter B. Hanson, on the brief), for appellant. George Gru, for respondent.

HIRSCHBERG, J. [1] This action was brought to recover damages for the breach or violation of a document signed by the defendant and delivered to the plaintiff on or about September 1, 1909. The instrument reads as follows:

"Wall or Fence Permit.
"Brklyn, Sept. 1, 1909.

"In consideration of $50.00 cash payable yearly in advance the receipt of which is hereby acknowledged, the undersigned hereby leases to Reeve Sign Co. the entire side wall No. 1410–12–14 Bedford Ave. opp. Prospect Pl. for advertising purposes for the term of one years with privilege of renewal for one years at same rate. In case of sign being obstructed or house being sold money returned for unexpired time.
"Name, Wm. E. Duryee.
"Address, 1410 Bedford Av.
"State whether owner or tenant:  Owner."

On the back of the instrument appears the following, subscribed by the plaintiff:

"May 16. [The year is missing owing to the corner of the paper having been torn off, but it is assumed that the year is 1910.]  I hereby assign this lease to the Centaur Company.                    Reeve Sign Co., H. Reeve."

No point is made by either party in reference to this alleged assignment, and the defendant makes no claim that the plaintiff is not the real party in interest. It may be considered, therefore, that the parties agree that the rights conferred by the document are not assignable.

While the paper is called a "lease," it is obviously a mere "license." See cases cited in my opinion in Stockham v. Borough Bill Posting Co. (decided herewith) 129 N. Y. Supp. 745. In any event, as was said by Judge O'Brien, writing for the Court of Appeals on the construction of a similar instrument, in Reynolds v. Van Beuren, 155 N. Y. 120, 123, 49 N. E. 763, 42 L. R. A. 129:

"While this paper is called a 'lease,' it is manifestly nothing more than a mere license by the tenant in possession to the defendants to go upon the roof of the building and place advertisements upon the sign. It conveys no estate or interest whatever in the realty and no possession or right of possession to the building or any part of it."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2, 3] Nor did the document create an "easement." As was said in G. L. & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., 134 N. Y. 435, 439, 440, 31 N. E. 874, 875:

"An 'easement' is a right without profit, created by grant or prescription, which the owner of one estate may exercise in or over the estate of another for the benefit of the former. Washburn, Ease. 2; Goddard, Ease. 2; 3 Kent's Com. 452; Nellis v. Munson, 108 N. Y. 453 [15 N. E. 739]; Pierce v. Keator, 70 N. Y. 419, 421 [26 Am. Rep. 612]; Hills v. Miller, 3 Paige, 254, 257 [24 Am. Dec. 218]; Ritger v. Parker, 8 Cush. [Mass.] 147 [54 Am. Dec. 744]; Morrison v. Marquardt, 24 Iowa, 35 [92 Am. Dec. 444]; Big Mountain Imp. Co.'s Appeal, 54 Pa. 361; Hewlins v. Shippam, 5 Barn. & C. 221; Rowbotham v. Wilson, 8 Ellis & B. 123.

"A 'license' is a personal, revocable, and nonassignable privilege, conferred either by writing or parol, to do one or more acts upon land without possessing any interest therein. Wiseman v. Lucksinger, 84 N. Y. 31 [38 Am. Rep. 479]; Mendenhall v. Klinck, 51 N. Y. 246; Pierrepont v. Barnard, 6 N. Y. 279, 286; Jackson v. Babcock, 4 Johns. 418; Mumford v. Whitney, 15 Wend. 380 [30 Am. Dec. 60]; Cook v. Stearns, 11 Mass. 533; Prince v. Case, 10 Conn. 375 [27 Am. Dec. 675]; Washburn, Ease. 6, 7; Goddard, Ease. 3; 13 Am. & Eng. Ency. 539."

In Crosdale v. Lanigan, 129 N. Y. 604, 29 N. E. 824, 26 Am. St. Rep. 551, it was held, as per headnote:

"A parol license to do an act on the land of the licensor, while it justifies anything done by the licensee before revocation, is revocable at the option of the licensor; and this, although the intention was to confer a continuing right and money has been expended by the licensee upon the faith of the license."

[4] It appears in the case at bar that the plaintiff paid the license fee for one year and placed upon the wall signs which remained there for seven months. The defendant then leased the property, and his tenant obstructed or painted out the plaintiff's sign by painting another sign over it. The defendant offered to allow judgment to be taken against him, pursuant to section 148 of the Municipal Court Act (Laws 1902, c. 580), for the sum of $20.85, being the pro rata amount of the license fee for the unexpired term, which offer was not accepted by the plaintiff. Judgment was rendered for the sum of $100 damages and costs.

It seems clear to me that the plaintiff's right to recover was limited, both by law and by the express terms of the contract, to the pro rata amount of the license fee; and the judgment should, therefore, be modified by reducing the recovery to the sum of $20.85, and as thus modified affirmed, with costs, and with costs to the appellant in the court below.

WOODWARD, J., concurs.

BURR, J. I concur in the modification of the judgment to the extent suggested in the opinion of Mr. Justice HIRSCHBERG. The character of instruments similar in form to that which is the basis of this action has been under consideration of this court in three other cases, decided simultaneously herewith. Stockham v. Borough Bill Posting Co., 129 N. Y. Supp. 745, Borough Bill Posting Co. v. Levy, 129 N. Y. Supp. 740, and American Bill Posting Co. v. Borough Bill

Posting Co., 129 N. Y. Supp. 740. In those cases a majority of the entire court reached the conclusion that the instruments there under consideration were neither leases nor licenses, but that they created an interest in the nature of an easement in gross. In this case it is of little consequence, so far as the result is concerned, whether the paper is called a lease, a license, or an easement, since there was contained in it an express agreement that, if the sign painted upon the wall was obstructed, the money should be returned for the unexpired time. Certainly the result of painting over the sign painted by plaintiff was an obstruction of it.

It is not important in this case to determine whether the interest conferred by the instrument under consideration was assignable or not. Although an indorsement appears upon the back of the paper indicating an intention to assign the same, there is no proof either of the execution or delivery of it, and the fact that the instrument remained in the possession of plaintiff, and was produced by him upon the trial, would indicate that the proposed assignment had never been carried out.

It may be proper to observe, also, that while the definition of an easement, contained in the opinion of Judge Vann in G. L. & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., 134 N. Y. 435, 31 N. E. 874, applies to an easement in favor of a dominant against a servient tenement, manifestly it was not intended to and does not refer to an easement in gross.

JENKS, P. J., and RICH, J., concur.