C. J. SULLIVAN ADVERTISING CO. v. GOLDSTICKER et al.

(Supreme Court, Special Term, New York County. August 31, 1911.)

1. LICENSES ( 44*)—DISTINGUISHED FROM LEASE—RIGHT TO MAINTAIN ADVERTISING SIGNS.

A written instrument, by which one of the parties represents himself as the owner of a building and, in consideration of sums of money payable quarterly in advance, leases to the other party an entire wall of the building, with the exclusive right to erect a thin sheet of metal upon the wall for advertising matter for the term of two years, and guarantees to the other party and its employés free access to the premises, and by which the other party agrees to keep the wall and the roof of the building in repair, and also to paint the owner's business sign on a part of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

wall, with agreements as to notice, removal, and refunding of rents, does not create the relation of landlord and tenant, but is a mere license.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 98; Dec. Dig. § 44.*]

2. LICENSES (§ 58*)—ACTION—PLEADING—REVOCATION.

In an action by a party who had been licensed in writing to maintain a large metal sheet on the wall of the building for advertising purposes, on condition that he pay a certain sum quarterly and paint on the wall the business sign of the represented owners, to restrain defendants from interfering with the use of the wall, the defendants' answer alleged that the business sign had not been painted and that the sum due for the license on a certain date had not been paid, and, while the plaintiff denied the allegation as to the sign, his papers did not show any denial of the allegation as to nonpayment. *Held* that, as the license might be revoked for plaintiff's failure to perform his obligations, his papers did not set forth a good cause of action.

[Ed. Note.—For other cases, see Licenses, Dec. Dig. § 58.*]

3. INJUNCTION (§ 55*)—IRREPARABLE INJURY—LOSS OF BUSINESS ADVANTAGE AND STANDING.

Where a licensee, having a right to maintain a large advertising sign upon the wall of a building in consideration of a fixed sum, alleged, in moving to enjoin the licensor from interfering with his use of the wall, that the profits thereon would amount to upwards of $2,000 a year, and that his business would be injured by the loss of advantaage not capable of calculation, on the theory that the more extensive his business the better its standing, the facts set out do not show the "irreparable damage," which the law requires for relief by injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 108, 109; Dec. Dig. § 55.*]

Action for an injunction by the C. J. Sullivan Advertising Company against Louis Goldsticker and Morris Goldsticker (the names of Louis and Morris being fictitious), composing the firm of L. & M. Goldsticker, and others. Motion denied.

Clark L. Jordan, for plaintiff.

William Goldsticker, for defendants Goldsticker.

Maas, Trowbridge & Fitzgerald, for defendants Van Beuren and New York Bill Posting Co.

DELANY, J. The plaintiff herein seeks an injunction restraining the defendants from interfering with his use of the wall of the building of which the defendants Goldsticker are lessees. The plaintiff claims to be a lessee under a writing which reads as follows:

"New York, May 1, 1911.

"Agreement made and entered into this twenty-eighth day of March, 1911, by and between L. & M. Goldsticker, No. 182 Fulton street, New York, party of the first part, and the C. J. Sullivan Advertising Company, a corporation of New York, at No. 158 West Sixty-fifth street, party of the second part, witnesseth: That for and in consideration of six hundred ($600) dollars per annum, payable quarterly in advance from May 1, 1911, to May 1, 1912, and six hundred and fifty ($650) dollars per annum, payable quarterly in advance from May 1, 1912, to May 1, 1913, the party of the first part leases unto the party of the second part the entire westerly wall of building situated No. 182 Fulton street, in the city of New York, with the exclusive right to erect a thin sheet of metal upon said wall for advertising matter, about 80x40 feet in length facing Church street, for the term of two years from the date first

above written. The party of the first part represents that they are owners of the property above described and has authority to make this lease, and guarantees to the party of the second part and its employés free access to the premises. Party of the second part agrees to keep the said wall in repair, also the roof of No. 182 Fulton street, and keep slate thereon to protect said roof, and also to paint Messrs. Goldsticker's business sign on the upper part of said wall in space now used for that purpose. It is agreed that if the said property is sold or new buildings erected thereon the party of the second part will vacate by the party of the first part giving the party of the second part thirty days' notice, and allowing him to remove all improvements made by him, and refunding the rent pro rata for the unexpired time for which the said rent has been paid in advance."

The defendants claim that this writing is not a lease, but a license, and that the contract which it evidences was broken by the plaintiff, and that thereafter they elected to rescind the contract and revoke the license. The breach alleged consisted, first, in plaintiff's failure to pay the amount due on the contract on August 1, 1911, and, secondly, in its failure to paint the defendants Goldstickers' business sign on the wall in the place reserved for it.

[1] The writing in question is certainly a contract with bilateral obligations, and unless it be a lease, in which case there may be special methods of asserting rights or securing redress under the law, it must be viewed from the standpoint of right and remedy, like the usual contracts. In cases where somewhat similar agreements have been before the courts, considerable discussion has been indulged in as to the nature of the instruments, but in those instances where the surrounding circumstances and the verbiage are as in this case they have been held to create a license merely. Speaking of such the court says:

"It conveys no estate or interest whatever in the realty and no possession or right of possession to the building or any part of it." Reynolds v. Van Beuren et al., 155 N. Y. 120, 49 N. E. 763, 42 L. R. A. 129; United Merchants, etc., Co. v. N. Y. Hippodrome, 133 App. Div. 582, 118 N. Y. Supp. 128.

And this is the attitude of the court in a Massachusetts decision, where an agreement by the lessee of a building to allow a third person to place a sign on the outside wall for a stated time was held not to be a breach of a covenant in the lease not to underlet any part of the premises. Lowell v. Strahan, 145 Mass. 1, 12 N. E. 401, 1 Am. St. Rep. 422. Accepting the view of the courts that this writing conveyed no interest in the land, and therefore made necessary no resort to any special procedure to hold or recover such rights, we must consider it from the aspect of the breach of contract.

[2] The papers allege, as before stated, that the plaintiff has broken the contract by failing to paint the required sign. This fact is contested by the plaintiff, and, of course, becomes a question for future determination; but they also allege that the sum due for the right accorded on August 1st and denominated "rent" in the contract was not paid. The plaintiff's papers do not show any facts denying or tending to establish a denial of that allegation, and if plaintiff failed in this obligation defendants might elect to consider the contract broken and terminate it. The plaintiff's papers do not, therefore, clearly set forth a good cause of action, and in this respect, whatever

may be said of other features of the case, is not entitled to the intervention of the court with injunctive relief.

[3] Furthermore, while it is alleged that irreparable damage will result to the plaintiff unless the court so intervene, the facts stated do not show this to be so. The moving papers state that the profits will amount to upwards of $2,000 a year, showing presumably that the value of the use of the wall is easily provable, and, apart from this statement, it seems that, if loss is sustained, it can be easily ascertained and full compensation given. It is urged that the business of the plaintiff would be injured (assuming the acts of the defendants to be unlawful) by the loss of advantage, not capable of calculation, which this space on the wall would give, on the theory that the more extensive its business the better its standing; but this is not the "irreparable damage" which the law makes the basis for granting injunctive relief.

Motion denied.