ROCHESTER POSTER ADVERTISING COMPANY, INC., Appellant, *v.* EMMA C. SMITHERS, Defendant, Impleaded with SARAH SWARTZ, Respondent.*

Fourth Department, November 9, 1928.

*Dutcher Brothers* [*Arthur G. Dutcher* of counsel], for the appellant.

*MacFarlane & Harris* [*Harry Z. Harris* of counsel], for the respondent.

PER CURIAM. On the 23d day of March, 1925, defendant Smithers was the owner of a lot known as No. 82 Genesee Valley Terrace in the city of Rochester. On that day she and the plaintiff entered into a written agreement whereby for the annual rental of fifteen dollars defendant Smithers granted to plaintiff: " The

---

* Revg. 130 Misc. 676.

exclusive right and privilege to occupy and use for the purposes of constructing and maintaining thereon advertising displays or devices, including necessary equipment * * * for the term of three years, with the right of renewal for a like period and annually thereafter for the next succeeding ten years on the same terms and conditions * * * at the annual rate of $15.00 beginning April 1, 1925."

The grantor reserved the right to terminate the contract in the event of the erection of a permanent building on said premises, but no such building was ever erected.

Plaintiff entered into possession of said lot and erected thereon a sign used for advertising purposes and regularly paid the stipulated rental.

On the 3d day of February, 1927, defendant Smithers sold the premises to defendant Swartz, but the deed contained no reference to the rights of plaintiff under its agreement.

The written contract between plaintiff and Smithers was not acknowledged and was not recorded, but the court found that the presence and location of this advertising board at the time defendant Swartz purchased the property was sufficient notice to put her on her inquiry as to plaintiff's rights in the premises under its agreement with defendant Smithers.

The court also found that on or about the 4th day of January, 1927, defendant Smithers notified plaintiff to remove the signboard from said premises by April 1, 1927, since which time defendants have refused to accept the amounts tendered by plaintiff for the use of said premises, and the court held as a conclusion of law that the written agreement between plaintiff and defendant Smithers, dated March 23, 1925, was ineffectual to create any rights thereunder as against the defendant Swartz, and denied the relief sought by plaintiff and dismissed its complaint.

This instrument was signed by both parties, the owner of the lot and plaintiff, so it did not violate the terms of the Statute of Frauds. (Real Prop. Law, § 243; *City of N. Y.* v. *N. Y. & South Brooklyn Ferry & Steam Trans. Co.*, 231 N. Y. 18.)

It is plain from the language of the instrument under consideration that the owner intended to grant to plaintiff a privilege which was to continue for three years, with right of renewal. Plaintiff accepted the terms of the agreement and paid the stipulated rental. The owner reserved the privilege of terminating the agreement under certain conditions, which have not transpired. Under the circumstances we are of the opinion that the instrument executed by defendant Smithers and the plaintiff created an easement in the property, if indeed it was not a lease. It conferred on plaintiff

an interest in the property which defendant could not terminate at will. It granted to plaintiff an exclusive right to maintain on the lot its advertising appliances for a definite period which had not expired when Smithers undertook to revoke it. The agreement was based on a valuable consideration which has been paid by plaintiff and both parties were bound by its terms. So long as plaintiff paid the stipulated price for the use of the property it was entitled to the exclusive use of the premises for the purposes mentioned in the agreement and for the full time mentioned therein. (*Borough Bill Posting Co.* v. *Levy*, 144 App. Div. 784; *Bagg* v. *Robinson*, 12 Misc. 299.)

When defendant Swartz purchased this property she was the owner of other adjacent property and knew of the existence of plaintiff's advertising sign on the property she was about to purchase from Smithers.

Under the circumstances it was not important that the instrument executed between plaintiff and Smithers was not recorded, or that the deed to defendant Swartz was silent on the subject of plaintiff's rights in the premises. The location of plaintiff's sign on the premises defendant Swartz was about to purchase was notice to her of any rights it might have under its agreement with Smithers, and she took her title subject to them. (*Trustees of Columbia College* v. *Lynch*, 70 N. Y. 440; *Phelan* v. *Brady*, 119 id. 587; *Mackenzie* v. *Augimeri*, 210 App. Div. 156.)

Plaintiff had faithfully observed its engagements under the contract and Smithers undertook arbitrarily to revoke the agreement before plaintiff's time had expired.

Agreements signed by parties based upon a valuable consideration cannot be thus easily set at naught by the action of one party in total disregard of the rights of the other party.

The judgment should be reversed on the law, with costs, and judgment directed in favor of plaintiff for the injunctive relief demanded in the complaint.

Conclusions of law Nos. 1 and 2 disapproved and reversed and this court makes the following new conclusions of law:

*First.* That defendant Swartz having notice of the presence and location of plaintiff's advertising board on the premises in question before she took title thereto, was put on her inquiry as to plaintiff's rights in the premises, and she took title subject thereto.

*Second.* That plaintiff is entitled to a permanent injunction restraining the defendant Swartz from painting, defacing, obliterating, taking possession of, or in any way interfering with the signs, advertisements and bulletin board of plaintiff located on the premises described in the complaint.

*Third.* That plaintiff is entitled to costs and disbursements in this action.

All concur, except SEARS, J., who dissents and votes for affirmance. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment reversed on the law, with costs, and judgment directed for the plaintiff for the injunctive relief demanded in the complaint, with costs. Certain conclusions of law disapproved and reversed, and new conclusions made.