LEWIS v. BAXTER LAUNDRIES.

1. LANDLORD AND TENANT—WRITING GIVING PERMISSION BUT NOT POSSESSION IS LICENSE.

Writing which purports to "let and lease and give * * * exclusive permission" to defendant to erect and maintain signs on roof of plaintiff's building, and which gives defendant mere permission under owner to have and maintain signs on roof without conferring possession of premises on defendant, is a license and not a lease.

2. SAME—LICENSES—PLEADING.

Action under declaration as for rent may not be maintained against licensee.

Error to Kent; Perkins (Willis B.), J. Submitted January 23, 1931. (Docket No. 97, Calendar No. 35,382.) Decided April 23, 1931.

Assumpsit by Benjamin Lewis against Baxter Laundries, Incorporated, a foreign corporation, for breach of a contract for the use of a roof. Judgment for defendant. Plaintiff brings error. Affirmed.

*Smith & Searl,* for plaintiff.

*Clapperton & Owen,* for defendant.

CLARK, J. Plaintiff contends that defendant was a tenant under a lease for a term of years of the roof of his building for the purpose of having and maintaining advertising sign or signs and that defendant quit the premises and failed to pay rent. This suit is to recover certain monthly installments.

Defendant contends it was not a tenant but a licensee, and therefore cannot be held as for rent.

In a trial without a jury the judge found defendant a licensee, not a tenant, and that plaintiff could not recover on his declaration. Plaintiff brings error.

The writing between the parties is in the form of a lease and purports to "let and lease and give * * * exclusive permission" to erect and maintain signs.

Both parties had keys and had access to the roof. There was a pent house on the roof in which were stored articles belonging to defendant.

The writing here does not confer possession of premises upon defendant. It gives a mere permission under the owner to have and maintain sign or signs on the roof. It is a license, not a lease.

See 35 C. J. p. 954, and cases cited; *Morrill* v. *Mackman*, 24 Mich. 279 (9 Am. Rep. 124); 1 Thompson, Real Property, § 647; *Forbes* v. *Gorman*, 159 Mich. 291 (25 L. R. A. [N. S] 318, 134 Am. St. Rep. 718); 1 Tiffany, Real Property (2d Ed.), § 47.

Affirmed.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.