## (November 27, 1944.)

JOSEPH F. COUFAL, Appellant, v. EFSTATHIOS DEMERTGSIS et al., Respondents.— Action by an advertising solicitor to recover commissions for procuring an advertiser to use the wall space on defendants' building. Order of the Appellate Term modified on the law by providing that the judgment of the Municipal Court in favor of the plaintiff and against defendants Efstathios Demertgsis, also known as Stanley Demertgsis, and John Panos be affirmed; and that the judgment of the Municipal Court as to Steve Demertgsis be modified on the facts by dismissing the complaint, without costs. As thus modified, the order of the Appellate Term is unanimously affirmed, with costs to the appellant in all courts against defendants Efstathios Demertgsis, also known as Stanley Demertgsis, and John Panos. The findings are affirmed, except as to the defendant Steve Demertgsis, as to whom there is no evidence in the case to sustain the judgment. The plaintiff, an advertising solicitor, was employed to procure an advertiser to use the wall space on defendants' building. Under the terms of his employment he was to receive a percentage of the sum paid by the advertiser. He has recovered in an action in the Municipal Court the amount alleged to be due. The Appellate Term, on appeal, reversed the judgment and dismissed the complaint on the ground that the plaintiff was without capacity to sue because he had no real estate broker's license as required by sections 440, 440-a and 442-d of the Real Property Law. The services rendered by plaintiff were not those of a real estate broker, who is required to be licensed before he can maintain the action. It is clear that the plaintiff was hired as a broker to procure some one willing to use the wall of the building for advertising purposes and pay therefor. This is not an estate or interest in real property within the statute. (*Reynolds* v. *Van Beuren,* 155 N. Y. 120; *United Merchants Realty & Imp. Co.* v. *N. Y. Hippodrome,* 133 App. Div. 582, affd. 201 N. Y. 601.) That the plaintiff's customer and defendants entered into a writing that may or may not create " an estate or interest in real estate "

within the statute has no effect on the plaintiff's cause of action. The agreement sued on does not violate the provisions of subdivision 1 of section 31 of the Personal Property Law. Present — Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.  [181 Misc. 370.]