LOUIS HALPERN, Plaintiff, *v.* NORMAN SILVER et al., Defendants.

City Court of the City of New York, ·Special Term, Bronx County, October 18, 1946.

*Irving Abraham* and *Henry Lichtig* for defendants.

*Joseph Halpern* for plaintiff.

BONEPARTH, J. Motion to dismiss plaintiff's first cause of action under rule 106 of the Rules of Civil Practice, upon the ground that it does not state facts sufficient to constitute a cause of action.

In the first cause of action, plaintiff alleges the following: On or about December 6, 1945, he, and one David Newmark, entered into "an agreement of lease." A copy of the agreement is annexed to the complaint, and made a part of it. Newmark was at the time the owner of a certain building. By said agreement Newmark, described therein as the landlord, granted "permission" to the plaintiff to install and maintain a coin-metered washing machine, for a period of three years from the date of installation. The equipment was to remain the property of the plaintiff, and the plaintiff was granted access to the equipment, the landlord to furnish the "space, power and facilities for the operation of said equipment" for which plaintiff agreed to pay $4 per month.

The complaint further alleges that subsequently Newmark sold the premises to the defendants, who, in March, 1946, disconnected the washing machine, and in other respects refused to comply with the agreement made with Newmark, and "evicted the plaintiff from his said premises."

By making this motion, defendants, for the purposes of this motion, admit all the facts alleged, and such inferences as could be fairly drawn therefrom, but do not admit any of plaintiff's conclusions or the correctness of any of plaintiff's inferences. (*Greeff* v. *Equitable Life Assur. Society*, 160 N. Y. 19, 29.)

Although the complaint described the agreement as a lease, that is a legal conclusion, and the nature of the instrument must be tested by an examination of the agreement attached to the complaint.

" The plaintiff's rights must rest upon the writing which passed between the parties. We must construe it as it is found and not according to the legal effect which the pleader places upon it; and if there be a variance between the contract and the allegations of the complaint, the former must control." (*Sonino* v. *Magrini,* 225 App. Div. 536, 539.)

And in *Carpenter* v. *Foundation Co.* (124 Misc. 765, affd. 211 App. Div. 846) we find the following, at page 766: " The complaint alleges that a copy of the agreement is annexed to the complaint. This limits the question of whether an agreement was made to an examination of the exhibit annexed to the complaint. There are no surrounding circumstances pleaded to aid in the interpretation."

The agreement in question does not create the relationship of landlord and tenant. By all the tests laid down in analogous cases, it cannot be construed as a lease.

In *Tips* v. *United States* (70 F. 2d 525) an action for rent was based on an agreement, made by the Secretary of War, whereby in consideration of a " monthly rental ", he " leased " for one year to defendant " 3101 square feet of floorspace to be designated by the Commanding Officer " of the air depot, for the storage of crated aeroplane engines. The Circuit Court held the agreement did not create the relation of landlord and tenant, saying at pages 526–527: " A tenancy involves an interest in the land passed to the tenant and a possession exclusive even of the landlord except as the lease permits his entry, and saving always the landlord's right to enter to demand rent and to make repairs. A mere permission to use land, dominion over it remaining in the owner and no interest in or exclusive posses-sion of it being given, is but a license. 35 C. J. Landlord & Tenant, § 10."

In *United Merchants Realty & Imp. Co.* v. *N. Y. Hippodrome* (133 App. Div. 582, affd. 201 N. Y. 601) plaintiff agreed to let and defendant agreed to take " all of the roof " space on a certain building for a term of two years to be used solely for displaying advertising, and to pay a yearly rental.

The court held this was not a lease, saying at pages 584–585: " There was no specific property leased, but what seems to have been intended was a right to use the roof to erect upon it an advertising sign. * * * no possession of the premises

was given except for the purpose of maintaining the sign. It is quite clear that the defendant was not given exclusive possession of the premises at any time."

Plaintiff argues further that, if the agreement is held not to be a lease, the motion to dismiss must be denied, and the complaint held sufficient " if the plaintiff is entitled to recover on any theory on the facts in the complaint " (*Zaepfel* v. *Parnass*, 140 Misc. 539.)

In his brief on this motion, plaintiff suggests that the agreement in question creates " an interest in the nature of an easement in gross."

Defendants contend that the agreement created a mere license.

A license in respect to real property is defined as " authority * * * to do a particular act or series of acts upon the land of another without possessing any interest or estate in such land." (37 C. J., Licenses, § 173.)

The chief distinction between a license and an easement lies in the fact that an easement implies an interest in the land, while a license does not. (33 Am. Jur., Licenses, § 91, pp. 398-399, 37 C. J., Licenses, § 174.)

" This distinction between a privilege or easement, carrying an interest in land, * * * and a license * * * is quite subtle, and it becomes difficult in some of the cases to discern a substantial difference between them." (3 Kent's Comm. 452-453.)

The agreement in question does not in clear or specific terms grant an easement. Can the instrument in question be construed as creating an easement? No surrounding circumstances are alleged in the complaint, and accordingly, we are limited to an examination of the instrument itself for the answer to this question.

In approaching this proposition, the court must be guided by the rule that " a provision in an instrument claimed to create * * * a servitude is strictly construed, any doubt being resolved in favor of the free use of land." (*Coulter* v. *Sausalito Bay Water Co.*, 122 Cal. App. 480, 494.)

" Doubts and ambiguities must be resolved in favor of the right to the free use of property and against restrictions. (*Schoonmaker* v. *Heckscher*, 171 App. Div. 148; affd., 218 N. Y. 722; *Cook* v. *Murlin*, 202 App. Div. 552; affd. 236 N. Y. 611.)" (*Peterson* v. *City of New York*, 235 App. Div. 41, 44.)

" It is far better, we think, that the law requiring interests in land to be evidenced by deed, should be observed, than to

leave it to the chancellor to construe an executed license as a grant, depending upon what, in his view, may be equity in the special case." (*Crosdale* v. *Lanigan*, 129 N. Y. 604, 610. See, also, *Clark* v. *Devoe,* 124 N. Y. 120, 126.)

The foregoing rule, giving security and certainty to titles, has been generally recognized and followed.

In *Eckert* v. *Peters* (55 N. J. Eq. 379) the deed used language which would appear to be far more appropriate for the basis of an inference that an easement was created than any which appears in the instant agreement. There, one Green, owner of a seafront tract conveyed to another a fifteen-acre lot nearby, with an easement of way over his land to the sea, " With the free use and right of sufficient land on my sea front for bathing purposes, *with the right to enter thereon, erect bath-houses and use the same free of charge, undisturbed at any time; * * * to have and to hold * * * unto the said party of the second part, his heirs and assigns * * *."* (Italics supplied.) The court said at page 384: " I think it plain that what Green really gave, so far as the right to erect bath-houses is concerned is not an easement, but a license. If so, then, by well-settled rules of the common law, such license has been revoked, * * * so far as the Eckert lot is concerned, by the conveyance, by warranty deed, by Ella Green to Eckert."

" In *Shepherd* v. *McCalmont Oil Company* (38 Hun, 37) the owner of a tract of land made a written agreement, signed, sealed, acknowledged and recorded, granting the exclusive right of entering upon any part of the lands and of erecting buildings thereon with a right of way to and from the same for the purpose of gathering and preserving minerals and oils, and it was held that the instrument amounted merely to a license." (*Stockham* v. *Borough Bill Posting Co.,* 144 App. Div. 642, 644.)

In the instant case, there is no language in the agreement which indicates an intention to burden or incumber the land with an easement. It provides in substance that the plaintiff is granted " permission " to " install and maintain " the washing machine in the premises, with the right of " access to the said equipment." Of course, the parties could have by a proper instrument, in plain language, however, created rights in the plaintiff which would have constituted an incumbrance on the land.

Plaintiff relies upon two cases for his position that the agreement created rights in the nature of " an easement in gross."

Plaintiff cites *Rochester Poster Advertising Co., Inc.,* v.

*Smithers* (224 App. Div. 435). There defendant Smithers granted to plaintiff " The exclusive right and privilege to occupy and use for the purposes of constructing and maintaining thereon advertising displays * * * for the term of three years * * * " on the lot owned by Smithers. The court said at pages 436–437: " Under the circumstances we are of the opinion that the instrument executed by Smithers and the plaintiff created an easement in the property, if indeed it was not a lease. It conferred on plaintiff an interest in the property which defendant could not terminate at will."

Plaintiff also relies on *Borough Bill Posting Co.* v. *Levy* (144 App. Div. 784). In this case, defendant Levy by a written instrument, in consideration of a yearly rental, leased to the plaintiff the " exclusive privilege of erecting and using fence or sign board to be located on said lots for bill-posting purposes * * * ." The court said at pages 786–787: " Conceding that the instrument in question is not a lease, we think it is more than a parol license, and that it gives to the Borough Bill Posting Company an easement in gross for one year from the date thereof * * * ."

The soundness of these cases may be judged by the following: So far as *Borough Bill Posting Co.* v. *Levy* (*supra*) is concerned, it is to be noted that on the same day it was decided, to wit, May 12, 1911, the same court decided two other similar cases, and reached a contrary result. Thus, in *Stockham* v. *Borough Bill Posting Co.* (144 App. Div. 642) plaintiff entered into a written agreement with Borough Bill Posting Co., the same company which is plaintiff in the *Levy* case (*supra*).

An examination of the agreements in *Stockham* v. *Borough Bill Posting Co.* (*supra,* p. 643) and *Borough Bill Posting Co.* v. *Levy* (*supra,* pp. 784–785) shows them to be substantially identical. Yet, in the *Stockham* case, the court in discussing the agreement, said at page 644: " It is not a lease. It created no tenure and gave no estate, *or even easement in the land.* The plaintiff remained *in possession of his land, and the defendant acquired a license only,* the license being limited to the precise terms of the document." (Italics supplied.) In this decision, the court did not overlook *Borough Bill Posting Co.* v. *Levy* (*supra*) for the dissenting opinion relies on and cites the latter case (p. 645).

Similarly, *Reeve* v. *Duryee* (144 App. Div. 647) decided the same day (May 12, 1911), by the same court, followed the *Stockham* case (*supra*), and not *Borough Bill Posting Co.* v. *Levy* (*supra*). There, a lease of a wall was made for advertising

purposes. The court said at page 648: "While the paper is called a lease, it is obviously a mere license. * * * Nor did the document create an easement." Here again *Borough Bill Posting Co.* v. *Levy* (*supra*) was not overlooked by the court as reference to page 650 of the concurring opinion shows.

As for *Rochester Poster Advertising Co., Inc.,* v. *Smithers* (224 App. Div. 435, *supra*) relied on by plaintiff, that case is not in accord with many other decisions, holding similar agreements to be licenses merely. Thus in *Reynolds* v. *Van Beuren Co.* (155 N. Y. 120) where part of a roof was leased for advertising purposes, the Court of Appeals said of the instrument at page 123: "While this paper is called a lease it is manifestly nothing more than a mere license * * *. It conveys no estate or interest whatever in the realty * * *." (See, also, *United Merchants Realty & Imp. Co.* v. *N. Y. Hippodrome*, 133 App. Div. 582, *supra; Lewis* v. *Baxter Laundries*, 254 Mich. 216; *Stockham* v. *Borough Bill Posting Co., supra; Reeve* v. *Duryee, supra.*)

In *Coufal* v. *Demertgsis* (268 App. Div. 927) the case of *Rochester Poster Advertising Co., Inc.,* v. *Smithers* (*supra*) was under consideration. In the *Coufal* case, plaintiff, an advertising solicitor, sued to recover commissions for procuring an advertiser to use the wall space on defendant's building. He had a verdict in the trial court. The Appellate Term reversed the verdict and dismissed the complaint on the theory that the agreement between the advertiser and the owners of the building "created a real property right in the nature of an easement", citing *Borough Bill Posting Co.* v. *Levy* (*supra*) and *Rochester Poster Advertising Co., Inc.,* v. *Smithers* (*supra*); and that as plaintiff was not a duly licensed real estate broker he could not recover for his part in this real estate transaction (181 Misc. 370). The Appellate Division, however, allowed plaintiff to recover, saying at page 927: "The services rendered by plaintiff were not those of a real estate broker, who is required to be licensed before he can maintain the action. It is clear that the plaintiff was hired as a broker to procure some one willing to use the wall of the building for advertising purposes and pay therefore. This is not an estate or interest in real property within the statute."

In a case similar to the instant case, an agreement for servicing a building, which provides for the installation of equipment, was held not to be a covenant running with the land. In *General Meter Service Corp.* v. *Manufacturers Tr. Co.* (182 Misc. 184, affd. 267 App. Div. 992) an agreement entered into

between the plaintiff and the former owner of the property, provided that the plaintiff was given "full right, power and authority to install" memorandum meters and to resell electric current to the tenants in the premises. Plaintiff was further given the right of access to the premises at all reasonable times for purpose of reading meters, inspecting and repairing the meters or other appurtenances. The property installed by the plaintiff was to remain the property of the plaintiff. The owner further agreed that no tenant on the premises would be permitted to purchase electric current from any other corporation, and that the agreement should be binding upon the legal representatives and assigns of the contracting parties.

The complaint alleged that the plaintiff installed considerable equipment in the building, and that it occupied such parts of the premises as were required for the installation and maintenance of the equipment, and that it was in open and notorious possession of a substantial portion of the premises.

The defendant was not a party to the original agreement and came into possession of the premises in July, 1940. In March, 1941, defendant repudiated the contract and notified the plaintiff it would no longer be permitted to perform the terms of the agreement, and ordered the plaintiff to remove its equipment from the premises. (Record on Appeal, pp. 11–23.)

The defendant moved under rule 106 for an order dismissing the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action.

The court held that the new owner was not bound by the contract, and that the agreement was not a covenant running with the land, and dismissed the complaint.

Accordingly, it must be held that the agreement, upon which the instant complaint is based, gives a license merely, does not create an easement, and is not a lease, and defendants are not bound by the agreement with Newmark.

The license given by the agreement was revoked by the conveyance of the premises by Newmark to the defendants. (*Eckert* v. *Peters*, 55 N. J. Eq. 379, *supra*; *Panama Realty Co.* v. *City of New York*, 158 App. Div. 726; 37 C. J. 298.)

Accordingly the motion to dismiss the first cause of action is granted, with leave to plaintiff to plead over within twenty days after service of a copy of the order herein, with notice of entry. Order signed.