■  CITY OF NEW YORK, Respondent, v. PENNSYLVANIA RAILROAD COM-PANY, Appellant.— Order entered on November 7, 1968, granting motion for summary judgment unanimously reversed on the law, and the complaint dismissed pursuant to CPLR 3212 (subd. [b]), with $50 costs and disbursements to the appellant. The only lease governing the relationship between the parties expired in the year 1921. The last operative covenant is to be found in the permits (executed) during the years 1924–1949, wherein the Railroad agreed to "maintain the said wharf property and the structures thereon, in good and sufficient repair" and "do such dredging from time to time, either during the continuance of this license or permit or at the time of its expiration as may be considered by the Commissioner of Marine and Aviation necessary and proper". As to dredging, it was further provided: " (e) And the Said Party of the Second Part hereby covenants and agrees that if it  *  *  *  shall neglect or refuse to make repairs or to do such dredging as hereinbefore covenanted, for the space of ten days after notice so to do shall have been given by the said Commissioner of Marine and Aviation, or any proper officer, agent or employee of the Department of Marine and Aviation, the party of the second part will pay to the party of the first part such damages as it may have sustained or the said Commissioner of Marine and Aviation may make such repairs or do such dredging, and the full cost and expense thereof shall and will be paid on demand by the said party of the second part, and no claim for damages or for deduction from rental shall be made by reason thereof". As to repairs, the Railroad, after 1949, became a mere licensee of a license revocable by the city at will; as such, it was no holdover tenant in any accepted legal sense. (See *Lordi* v. *County of Nassau,* 20 A D 2d 658; *United Merchants Realty & Improvement Co.* v. *New York Hippodrome,* 133 App. Div. 582, affd. 201 N. Y. 601; 1 Rasch, New York Law of Landlord & Tenant, § 246, p. 234; § 246A., p. 74, cum. supp.) The Statute of Limitations is a good defense; a cause of action for the alleged breach of a covenant to repair accrues upon breach, and since the holdover doctrine does not apply to a mere licensee, a cause could only arise out of the pre-1950 permits, the last executed agreements between the parties. In reaching this conclusion it is appropriate to note the distinction between a covenant to repair and a covenant to surrender in repair, unilaterally sought to be imposed upon appellant (by the city's unexecuted permits after the period 1949) but to which appellant had never given its consent during the occupancy of the premises after 1949. (See 32 Am. Jur., Landlord and Tenant, § 800; 1 Rasch, New York Law of Landlord & Tenant, § 577; *Schieffelin* v. *Carpenter,* 15 Wend. 400, 409–410.) Further, the measure of damages, the reasonable cost of putting the premises into repair, was rendered unattainable and waived by the calculated demolition of the pier by the city pursuant to its plans for redevelopment of the area. (*Appleton* v. *Marx,* 117 App. Div. 206, affd. 191 N. Y. 81.) As for the cause of action relating to dredging, the covenant sued upon in the amended complaint is not to be found in the executed permits. And as for the dredging covenant in the pre-1950 permits, there were conditions precedent: the Commissioner of Marine and Aviation had first to indicate the extent of dredging he deemed necessary, and thereafter, if not done by the Railroad "for the space of ten days after notice", the Commissioner could undertake the repairs and hold the Railroad liable. The fulfillment of the conditions precedent was not pleaded and no evidentiary proof pertaining thereto was offered either in the moving papers, the reargument below, the briefs on appeal or in the argument before us. Since on a motion for summary judgment, a full submission and disclosure is incumbent, and these essential elements were not even touched upon, we perceive

no justification for a further hearing or assessment, and we dismiss the complaint. Concur — Capozzoli, J. P., McGivern, Markewich, McNally and Steuer, JJ.