(2 App. Div. 518.)

BEER v. CANARY et al.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

INJUNCTION—THEATER ADVERTISING CURTAIN—BREACH OF·CONTRACT.
　　Defendant agreed to allow plaintiff the exclusive right, in consideration of $600 a month, for the term of a year, to display at his own expense a curtain in front of the stage of a theater, to be covered with advertising matter, to be exposed five minutes before the beginning of each performance; no objectionable advertisements to be allowed on the curtain, and plaintiff to have opportunity to make all changes in advertisements when necessary. *Held*, that a breach of the contract by defendant should be enjoined,—plaintiff having paid defendant, and having gone to considerable expense in preparing the curtain, and having made contracts for advertisements thereon; and it is no excuse for nonperformance that

any advertising curtain would be generally regarded as objectionable, or that the spaces on it were not filled with advertisements, and that it contained a notice directing persons desiring space thereon to apply to plaintiff.

Appeal from special term, New York county.

Action by Edmund Beer against Thomas Canary and another. From an order denying an injunction pendente lite, plaintiff appeals. Reversed.

The action was brought upon a contract in writing, and the relief asked for was a permanent injunction, and a temporary injunction pending the action. The agreement was dated August 22, 1895, and provided that the defendants, as lessees of the Casino Theater in New York City, agreed to allow plaintiff to put up and display, at his own expense, a curtain, in the front of the stage, to be covered with advertising matter, and to be exposed five minutes before the beginning of each performance, and during the whole period known as "between the acts," and to occupy the regular space in the proscenium arch of the treater. No advertisement generally considered objectionable to be allowed on the curtain. The curtain to remain the property of the plaintiff, and proper opportunity to be given to make any or all changes in the advertisements on the curtain when necessary. No other advertising curtain to be used as an act proscenium curtain by defendants during the term of the contract. The consideration for such rental to be $600 for each month during the time regular performances were given in the theater, but nothing while the theater was closed to the public. The first $600 to be paid, $300 August 26, 1895, and $300 September 5, 1895, and the additional payments of $600 every month in advance, commencing October 5, 1895. To be in force for one year from September 15, 1895. The first $600 was paid before September 15, 1895. The theater was closed from September 27 until November 5, 1895, and it was agreed that the month for which the $600 had been paid should begin November 5, 1895. The curtain was prepared by the plaintiff, at an expense of $250, and was hung in the theater November 11, 1895, at an expense of $76.90. Both parties then examined it. There is a conflict in the evidence as to what occurred November 11, 1895, and during the next few days thereafter. There seems to be no doubt, however, that there was some disagreement between the parties as to the character of the advertisements and work upon the curtain. The defendants would not permit the curtain to be displayed under the contract, and, the papers having been prepared, this action was begun, and an order to show cause why a temporary injunction should not be issued was made November 27, 1895. The order denying the motion was made December 27, 1895, and from that order this appeal is taken.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Benno Loewy, for appellant.

Howe & Hummel, for respondents.

WILLIAMS, J. We do not think that it can be said that there were any advertisements upon the curtain which would be generally considered objectionable, under a fair interpretation of the language used in the contract. It may seem to some people that any advertisement placed upon the drop curtain in a first-class theater would be generally considered objectionable, but first-class theaters did expose such curtains, both in this country and in Europe, before this contract was made. The defendants had a right to make the contract, and they did make it. The plaintiff expended $250 in preparing the curtain, and $76.90 in hanging it, and paid defendants $600 for the first month's rent. Under these circum-

stances, the defendants were under obligation to carry out the contract, and they should not be heard to allege, as a reason for not carrying it out, that any advertising curtain would be generally regarded as objectionable in a first-class theater. Giving the language used in the contract a fair construction, and such meaning as the parties evidently intended when they executed the contract, it cannot be said that any advertising matter upon the curtain was such as would generally be regarded as objectionable. The advertisements were all of them printed matter and illustrations, the same as had already repeatedly appeared in the daily newspapers and in theater programmes in New York City, and no one ever regarded them as objectionable when so placed before the public. The objections made by the defendants to the advertising matter upon the curtain were mere pretenses, and were no excuse for refusing to carry out the contract by exposing the curtain as therein provided. Nor was it a sufficient reason for refusing to expose the curtain as agreed that some of the spaces upon it were not filled with advertisements, and that there was upon the curtain a notice that persons desiring to advertise thereon should apply to the plaintiff's agent at a place designated. The undertaking was a new one, and could not be expected to be in complete working order at first. Persons might well be unwilling to contract for advertising space until the curtain had been tried, and exhibited a fair prospect of success. The contract itself recognized the fact that changes in the advertisements would become necessary, by providing that proper opportunity should be afforded plaintiff to make changes in the advertisements from time to time as it became necessary. We see no reason why the defendants, having entered into the contract, and thereby led the plaintiff to expend his money in preparing and hanging the curtain, to the amount of $326.90, and having received from the plaintiff $600 more in payment of the first month's rent, should not have carried out their part of the contract, by exposing the curtain as the contract provided they should do. The plaintiff has not only expended $926.90 in money, as stated, but he has entered into advertising contracts with various parties, for the violation of which he may be held liable for damages. We see no reason why he should not be protected, by some adequate remedy, against the violation of the contract by the defendants. He could maintain an action at law against them for damages, but they are apparently irresponsible, so that any judgment he might recover would be uncollectible. And, besides this, an action for damages would be entirely inadequate as a remedy, because the actual damages could not be ascertained or decided, even approximately. The only remedy at all adequate, under the circumstances, would be the remedy by injunction. The case, in this view, is within the rules laid down in Davis v. Zimmerman, 91 Hun, 492, 36 N. Y. Supp. 303; House v. Clemens, 24 Abb. N. C. 381, 9 N. Y. Supp. 484; Christie v. Shankey, 46 Hun, 680. We think an injunction should have been granted by the special term, protecting the plaintiff under the contract, so far as an injunction could do it, requiring the

defendants, if they conducted the theater at all, to use the plaintiff's curtain, and forbidding their use of any other curtain in the place it was provided by the contract this curtain should be used.

The order appealed from should be reversed, with costs of appeal, and the injunction order granted, with $10 costs of motion. All concur.