BOROUGH BILL POSTING CO. v. LEVY et al.

AMERICAN BILL POSTING CO. v. BOROUGH BILL POSTING CO.

(Supreme Court, Appellate Division, Second Department. May 12, 1911.)

1. LICENSES (§ 44*)—"EASEMENT" IN GROSS—CONTRACT—CONSTRUCTION.

A landowner leased to a bill posting company the exclusive privilege of erecting a signboard on certain lots for bill posting purposes; such owner reserving the right, if the property was sold or required for building purposes, to cancel all privileges on returning to defendant a pro rata amount of the yearly rent, the signboards erected by the company to remain its property, and it to have the right to remove the same at the expiration of the lease with the privilege of renewal. *Held*, that such instrument was neither a lease nor a mere license, but was an easement in gross for the term specified, and was therefore not revocable by the landowner during such term.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 97–99; Dec. Dig. § 44.*]

2. LICENSES (§ 44*)—"EASEMENT"—"LICENSE"—DEFINITION—"PERMANENT INTEREST."

A "license" is a permission to do some act or series of acts on the land of the licensor, without having a permanent interest in the land, and is distinguished from an "easement" in that an easement is a right with reference to certain land conferring on the owner of the easement a permanent interest in the land; the word "permanent," being used not in the sense of perpetual, but as relating to a specific period.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 97–99; Dec. Dig. § 44.*

For other definitions, see Words and Phrases, vol. 3, pp. 2305–2311; vol. 8, pp. 7646, 7647; vol. 5, pp. 4133–4141; vol. 8, p. 7706; vol. 6, p. 5310.]

Hirschberg, J., dissenting.

Appeal from Special Term, Kings County.

Suit by the Borough Bill Posting Company against Joseph Levy and the American Bill Posting Company, and by the American Bill Posting Company against the Borough Bill Posting Company. From an order in the first action granting plaintiff's motion for an injunction against defendants, and from an order denying plaintiff's motion in the second action for an injunction pendente lite, against defendant therein (129 N. Y. Supp. 181), defendants appeal in the first action, and plaintiff appeals in the second. Affirmed.

On April 20, 1910, Joseph Levy and the Borough Bill Posting Company mutually executed the following agreement:

"Brooklyn, N. Y., April 20, 1910.

"In consideration of a yearly rental of $10.00 dollars, the undersigned, owner of lots located at Eastern Parkway and Truxton St., east side of Boulevard, borough of Brooklyn, city of New York, hereby leases to the Borough Bill Posting Company, Brooklyn, N. Y., the exclusive privilege of erecting and using fence or signboard to be located on said lots for bill posting purposes; the owner reserving the right in case said property is sold or required for building purposes to cancel all privileges upon returning to the company a pro rata amount of said yearly rent. All fences or signboards erected by the company remain its property, and it has the right to remove

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same at the expiration of this lease. Privilege of renewal is also given upon the same terms. Privilege to place sign on top of fence to owner. "49 Feet E. Parkway.
"39 or less Truxton St.

"Joseph Levy.　(Owner.)
"Borough Bill Posting Co.,
"252 Atlantic Ave.
"P. Bahr."

Thereafter the Borough Bill Posting Company erected upon said premises, and maintained at large expense, billboards which were used for advertising purposes, and has made contracts with various persons and corporations to post advertising bills thereon. Levy has not sold the property, nor does he require it for building purposes; but on December 2, 1910, he entered into an agreement with the American Bill Posting Company, giving to it similar privileges, and upon December 9th tendered to the Borough Bill Posting Company $3.85, which was stated to be the rebate for unexpired time for fence privilege, and notified it in writing that he revoked the advertising privilege granted to it. Thereafter, and on January 5, 1911, Levy and the American Bill Posting Company tore down plaintiff's signs and billboards, and the American Bill Posting Company proceeded to erect a fence and signboards, which the Borough Bill Posting Company tore down. Each of the bill posting companies threatening to destroy the billboards and signs of the other, these two actions were commenced, and on the 14th of February, 1911, the court at Special Term, in the first above-entitled action, enjoined the defendants from interfering with the use of the fences, signs, or billboards of the Borough Bill Posting Company, the plaintiff in that action, and refused in the second above-entitled action the injunction which the American Bill Posting Company, the plaintiff therein, prayed for. From these two orders these appeals are taken.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Hugo Hirsch, for appellants.
Joseph A. Keenan (Peter P. Smith, on the brief), for respondent.

BURR, J. [1] The American Bill Posting Company contends that the instrument dated April 20, 1910, executed by Joseph Levy and the Borough Bill Posting Company, is not a lease, and had no greater effect than a mere parol license from the former to the latter, and that as such it was revocable at will, notwithstanding the licensee may have incurred expenses upon the faith thereof. Mumford v. Whitney, 15 Wend. (N. Y.) 380, 30 Am. Dec. 60; Murdock v. Prospect P. & C. I. R. R. Co., 73 N. Y. 579; Cronkhit v. Cronkhit, 94 N. Y. 323; Crosdale v. Lanigan, 129 N. Y. 604, 29 N. E. 824, 26 Am. St. Rep. 551; White v. Manhattan R. Co., 139 N. Y. 19, 34 N. E. 887; Brown v. City of New York, 78 App. Div. 361, 79 N. Y. Supp. 943, affirmed 176 N. Y. 571, 68 N. E. 1115. The Borough Bill Posting Company contends that, if not a lease for a definite term, the instrument constituted a personal contract between the parties thereto, and, because an action for damages affords inadequate remedy, it may come into equity for a specific performance thereof. Beer v. Canary, 2 App. Div. 518, 38 N. Y. Supp. 23; Goldman v. New York Advertising Co., 29 Misc. Rep. 133, 60 N. Y. Supp. 275. This seems to have been the view adopted by the learned judge at Special Term. There may be difficulty in maintaining this position, due to the fact that in its action the Borough Bill Posting Company is seeking relief in effect by

way of specific performance, and as an incident thereto by way of injunction, against one not a party to the contract; and if the contract is simply a personal one, and not one which establishes some interest in the land, it is seeking relief against one who is not a privy to either of the parties thereto.

Conceding that the instrument in question is not a lease, we think that it is more than a parol license, and that it gives to the Borough Bill Posting Company an easement in gross for one year from the date thereof, which is irrevocable during the period specified. Jones on Easements, § 33; Washburn on Easements, 45, subd. 2; 144, subd. 20.

[2] Bouvier defines a "license" to be:

"A permission to do some act or series of acts on the land of the licensor, without having any permanent interest in it." Bouvier's Law Dict., Title, License.

Chancellor Kent says:

"This distinction between a privilege or easement, carrying an interest in land, and requiring a writing within the statute of frauds to support it, and a license which may be by parol, is quite subtle, and it becomes difficult in some of the cases to discern a substantial difference between them." 3 Kent's Com. 452.

In Mumford v. Whitney, supra, plaintiff sued to recover damages for the overflowing of his lands by the erection of a dam by the defendant. Among other defenses, defendant claimed a parol license from plaintiff. A verdict for defendant was sustained upon other grounds; but in the course of the opinion Chief Judge Savage, in attempting to draw the distinction between a license and an easement or a lease, said:

"If A. agrees with B. that he may enter upon his land, and occupy it for a year, that is not, properly speaking, a license merely; it is more—it is a lease. * * * Where an interest greater than a temporary occupation was to be created, it might be an easement, as a right of way; such an easement is, or may be, a permanent interest in the land over which the right of way exists, and must be founded upon grant or prescription, which supposes a grant. Such an interest is not properly a license; it may be assigned, and cannot be revoked."

In Cook v. Stearns, 11 Mass. 536, quoted with approval in Mumford v. Whitney, supra, the court say:

"Licenses to do a particular act do not in any degree trench upon the policy of the law which requires that bargains respecting the title or interest in real estate shall be by deed or in writing. They amount to nothing more than an excuse for the act, which would otherwise be a trespass. But a permanent right to hold another's land for a particular purpose, and to enter upon it at all times without his consent, is an important interest, which ought not to pass without writing, and is the very object provided for by our statute."

"Licenses, which in their nature amount to the granting of an estate *for ever so short a time,* are not good without deed." The reason for the rule is that they are not, strictly speaking, licenses, but conveyances of an interest in the land itself.

That the word "permanent" is here used, not in the sense of perpetual, but as relating to some specified period, be it short or long,

is asserted in Cook v. Stearns, supra, and made clear in the case of Pierrepont v. Barnard, 6 N. Y. 279, 288. In that case, in illustrating the difference between an easement and a license, the court says:

"The marked and leading distinctions between them are that in the former there is a permanent interest in the land *for some specified period,* amounting to an estate in the land, which is assignable, is irrevocable, and gives a right at all times to enter and remain in possession, during its continuance; while the latter is a mere authority to enter upon the land of another for a temporary purpose and to do a particular act or series of acts upon the land."

In Bagg v. Robinson, 12 Misc. Rep. 299, 304, 34 N. Y. Supp. 37, the court say:

"An interest in land for a specified period is an 'easement.'"

In this case we have an instrument which satisfies the requirements of the statute of frauds (Laws 1909, c. 52 [Consol. Laws, c. 50] § 242). Construing this instrument in the light of the foregoing authorities, it is apparent that the parties contemplated the one to grant and the other to receive a privilege which was to be continued for a definite period, to wit, one year, with a right of renewal, unless this privilege is sooner terminated by conditions which do not exist in this case. It contemplates a privilege which is not only specific but exclusive in its character, and authorizes the Borough Bill Posting Company, not only to make use of the fence or signboards to be located on the property therein described, but also the erection of other fences and signboards by it on said premises, which should remain its property, and which it should have the right to remove at the expiration of the period, and it necessarily involves the right to go upon the premises in question to accomplish each of these purposes. We think, therefore, that this is more than a license, that it is an easement, and, there being no dominant estate to which the easement might attach, it is an easement personal in its character, or, as it is sometimes called, an easement in gross. Although such an easement is a personal privilege, it is more than a revocable license. It confers an interest in the servient tenement which is at least an equitable charge or burden in favor of the grantee. Jones on Easements, § 33.

The appellant the American Bill Posting Company relies upon three cases to support its contention that the effect of the instrument in question is to create a license only, revocable at will. None of these is sufficient for that purpose.

In United Merchants' Realty & Imp. Co. v. N. Y. Hippodrome, 133 App. Div. 582, 118 N. Y. Supp. 128, all that the court decided was that a privilege for a year to make use of the roof of plaintiff's building to display advertisements thereon did not create the conventional relation of landlord and tenant, so that failure to remove one of these signboards at the end of the term enabled the plaintiff as the owner of the building to treat defendant as a tenant holding over. The court said:

"Whatever may be said to be the relation between the parties during the continuance of the agreement, the fact that the defendant did not remove the bulletin board from the top of the plaintiff's building during the time

that the agreement was in force was not a holding over of the premises which entitled the plaintiff to elect to continue the agreement for another year."

Reynolds v. Van Beuren, 155 N. Y. 120, 49 N. E. 763, 42 L. R. A. 129, was an action for damages by a person who, while passing along the street, was injured by a signboard blown from the roof of a building during a storm accompanied by a strong wind. It appeared that defendant did not erect the signboard, and was not responsible for its maintenance, but simply had the privilege of going upon the roof and placing advertisements thereon. Such a privilege was much narrower and more restricted than the one in the case at bar. In determining that such an agreement between defendant and the owner of the building was not a lease, the court did say that it was a mere license. But in that case the court was concerned rather to consider defendant's responsibility to the injured party than to accurately define the character of the instrument in question, for, after speaking of it as a license, the court says that plaintiff cannot take advantage of its terms for the reason that he "is a stranger to the agreement, *whatever it may be held to mean.* He is not a party or privy to it, and, if it be shown that the defendants failed to perform their agreement with the tenant, that does not prove that they have done any wrong to the plaintiff."

In Lowell v. Strahan, 145 Mass. 1, 12 N. E. 401, 1 Am. St. Rep. 422, the court, in construing an authority given to a party to affix a sign to the outer wall of a building, say:

"An agreement of this nature cannot be construed as a lease; it must create *either a license or an easement.*"

The court did not in that case determine which.

In Goldman v. New York Advertising Co., supra, in construing an agreement giving defendant the right to place an advertisement upon the westerly wall of a house for a year, and holding that it was not liable in damages to the owner of the property for failing to erase the same, the court said:

"It is unnecessary for the determination of this appeal to decide whether the paper here in question created a license or an easement, or was merely a simple contract between the parties. It is sufficient that it was not a lease."

We think, therefore, that Joseph Levy, the owner of the premises, had no right to revoke the privilege conferred upon the Borough Bill Posting Company during the period specified in the agreement, and that the orders in each of the above-entitled cases should be affirmed, with $10 costs and disbursements.

JENKS, P. J., and THOMAS and CARR, JJ., concur. HIRSCHBERG, J., dissents.