CHARLES BERMANN et al., Doing Business as CHARLES BERMANN CO. OF WESTCHESTER, Respondents-Appellants, v. WINDALE PROPERTIES, INC., Appellant-Respondent.— In an action for a judgment declaring the rights of the parties under a certain agreement, the parties appeal from an order insofar as it denies their respective motions for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. The agreement, entered into between plaintiffs and defendant's predecessor in title, gave plaintiffs the right to install washing machines and driers in the premises now owned by defendant. Defendant has demanded that plaintiffs remove their machines, although the term of the agreement has not expired. Order affirmed, without costs. We agree with the learned Special Term that the matter is not one which may be disposed of summarily. In our opinion, the agreement was in the nature of a license (see, e.g., *General Meter Service Corp.* v. *Manufacturers Trust Co.*, 182 Misc. 184, affd. 267 App. Div. 992; *Kaypar Corp.* v. *Fosterport Realty Corp.*, 1 Misc 2d 469, affd. 272 App. Div. 878, motion for leave to appeal denied 297 N. Y. 1036; *Wash-O-Matic Laundry Co.* v. *621 Lefferts Ave. Corp.*, 191 Misc. 884; cf. *People* v. *Horowitz*, 309 N. Y. 426, 428–429) and defendant, who was not a party to the agreement, was not bound thereby

merely because it had knowledge of the agreement and accepted benefits thereunder (*General Meter Service Corp.* v. *Manufacturers Trust Co., supra*; *Wash-O-Matic Laundry Co.* v. *621 Lefferts Ave. Corp., supra*). However, an issue is presented, requiring the taking of proof, as to whether defendant ratified the agreement when it " confirmed" the fact that the premises had been conveyed to it " subject to the agreement". (Cf. *Stevens* v. *Amsinck*, 149 App. Div. 220, 228.) Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.