■ FRIEDA JOSS, Individually and as Administratrix of the Estate of FRED JOSS, Deceased, Appellant, v. NIAGARA MOHAWK POWER CORPORATION et al., Respondents.— Judgment unanimously reversed, with costs, and motion denied. Memorandum: Since 1959 the respondent Niagara Mohawk Power Corporation has acquired from appellant rights of way and easements over appellant's land to erect and maintain power transmission lines. The indenture of easement contains language which permits respondent to "build, rebuild, relocate, operate, repair, maintain and at its pleasure remove two electric lines, including such poles, towers, crossarms, wires, transformers, cables, underground conduit, counterpose wires or cables, guys, stubs, anchors, brace poles, ways and such other appurtenant or supporting apparatus or structures as said Company may now or shall from time to time deem necessary". Respondent, relying on the inclusion of the word "ways" in the above easement, constructed a gravel road bed under its lines. Appellant sued for damages. Special Term granted respondent's motion for summary judgment dismissing appellant's complaint, holding that the easements constituted an absolute defense to appellant's causes of action. We cannot agree that the language used by respondent in the easements which it drafted is sufficiently clear and unambiguous to constitute an express easement to the respondent to construct a gravel roadway beneath its power lines. Such a right may exist by implication as reasonable and incidental to the full enjoyment of the easement as granted (*Grafton* v. *Moir*, 130 N. Y. 465; 17 N. Y. Jur., Easements and Licenses, § 134). However, the reasonable use and enjoyment of an easement is to be determined in the light of the surrounding circumstances, which involve questions of fact (see, e.g., *Paine* v. *Chandler*, 134 N. Y. 385; *Grafton* v. *Moir, supra*; *Herman* v. *Roberts*, 119 N. Y. 37). There must be a trial to determine whether the right to construct a roadway exists by implication as reasonable and incidental to the full enjoyment of the easement appellant granted to respondent; and if that right exists, it should be further determined at the trial what type and dimension roadway is reasonably necessary under the circumstances. (Appeal from judgment of Onondaga Special Term, dismissing complaint.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Henry, JJ.

■ In the Matter of the Appointment of a General Guardian of the Person of WILLIAM K. RAFFERTY, an Infant. GRACE RAFFERTY, Appellant; SHIRLEY H. HAMMOND et al., Respondents.— Judgment unanimously affirmed, without costs, upon the opinion at Special Term. (See, also, *Matter of Dickens* v. *Ernesto*, 30 N Y 2d 61, affg. 37 A D 2d 102, app. dsmd. 407 U. S. 917.) (Appeal from judgment of Jefferson Supreme Court appointing guardians.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.