■ In the Matter of XAR CORPORATION, Appellant, v RICHARD DI DONATO et al., Individually and Doing Business as GRAND PRIX RESTAURANT, INC., Respondents.—Appeal from a judgment of the County Court of Saratoga County, entered January 10, 1979, which denied a petition to remove respondents from possession of certain real property in the Town of Clifton Park, Saratoga County. On December 17, 1970, respondent Grand Prix Restaurant, Inc., entered into a written agreement with Pioneer Village Development Corporation, the then owner of the land in question, for the purposes of erecting and maintaining a sign advertising its restaurant. This agreement, termed a lease by the parties, was for a 20-year term beginning April 1, 1971 with a total rent of $4,000, payable at the rate of $300 per month for the first four months of the term, and commencing on the first day of April in the seventh year by payment of $200 annually on the first day of April in each year for the remainder of the term. The agreement was signed and acknowledged by both parties, but was not recorded. On October 14, 1974, petitioner acquired title to the land upon which the sign was erected. Petitioner's deed, recorded on October 16, 1974, contained no reference to the agreement. At the time it acquired title, petitioner had knowledge of the existence of this sign on the property. After the purchase, petitioner inquired of respondents whether they desired to rent a sign on the premises, and was advised by respondents that they had a long-term written agreement with petitioner's grantor. On or about January 21, 1975, petitioner sent a letter to respondents attempting to establish a month-to-month tenancy with respect to the sign, and to set the monthly rental at $150 per month. On or about February 16, 1978, petitioner served a notice to quit the premises upon respondents for nonpayment of the rental of $150 per month in accordance with the provisions of section 713 of the Real Property Actions and Proceedings Law. This proceeding was commenced by the service of a petition and notice of petition on or about April 16, 1978. Respondents assert that they have continued to tender the annual rental to petitioner in accordance with the terms of the written agreement. The essential facts are not in dispute. On December 26, 1978, the County Court, in a written decision, denied the petition. Petitioner contends that it is entitled to the protection of the recording acts, and that the agreement is not a lease, but an easement or license which was extinguished upon the

transfer of title by Pioneer Village Development Corporation to petitioner. The recording statutes protect only a subsequent purchaser in good faith and for a valid consideration. Actual "knowledge and notice of any facts which would put a prudent man upon inquiry, impeaches the good faith of the subsequent purchaser". *(Brown v Vokening,* 64 NY 76, 82.) Here, petitioner admits that it had knowledge of the existence of the sign, and made no inquiry of respondents concerning their rights or interests. Petitioner's reliance on the representations of its grantor in the purchase agreement that there were no liens or encumbrances other than those set forth in the agreement is misplaced. The terms of the agreement do not establish that any inquiry was, in fact, made concerning the status of the sign or signs on the premises. If inquiry was, in fact, made, the terms of the agreement only establish that petitioner was deceived by the grantor. This, however, does not relieve petitioner of its duty to inquire of respondents as to their rights in the premises. Petitioner was, therefore, not entitled to the protection of the recording statutes. Although invariably labeled "leases", agreements to erect advertising signs or to place signs on walls or fences are easements in gross *(Rochester Poster Adv. Co. v Smithers,* 224 App Div 435; *Rochester Poster Adv. Co. v State of New York,* 27 Misc 2d 99, affd 15 AD2d 632, affd 11 NY2d 1036). "Although such an easement is a personal privilege, it is more than a revocable license." *(Borough Bill Posting Co. v Levy,* 144 App Div 784, 789.) The agreement herein was based on a valuable consideration which had been paid by respondents, and both parties were bound by its terms. So long as respondents paid the stipulated price for the use of the property, they were entitled to the use of the premises for the purposes mentioned in the agreement and for the full time mentioned therein. When petitioner purchased this property, it knew of the existence of respondent's advertising sign on the property. Under the circumstances, it was not important that the instrument executed between the respondent and Pioneer Village Development Corporation was not recorded, or that the deed to petitioner was silent on the subject of respondents' right in the premises. The location of the sign on the premises petitioner was about to purchase was notice to it of any rights respondents might have under its agreement with petitioner's grantor, and petitioner took its title subject to them *(Rochester Poster Adv. Co. v Smithers, supra).* Judgment affirmed, with costs. Mahoney, P. J., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.