■ LINDA M. ARVAY et al., Appellants, v NEW YORK TELEPHONE COMPANY, Respondent. — In an action, inter alia, to compel the defendant to remove certain of its equipment from real property owned by plaintiffs, the appeal is from an order of the Supreme Court, Kings County, dated August 13, 1979, which denied plaintiffs' motion for partial summary judgment. Order affirmed, with $50 costs and disbursements. The agreements between defendant and plaintiffs' grantor created an easement pursuant to which defendant has been permitted to maintain its equipment on the subject property. These agreements were not recorded, and indeed could not have been, as they lacked certain of the formal requisites. Nonetheless, they were sufficient to create rights enforceable between the original parties and against a purchaser of the premises with notice (see Historic Estates v United Paper Bd. Co., 260 App Div 344, affd 285 NY 658). The question of whether plaintiffs had the requisite notice of defendant's easement at the time they purchased the property is one of fact, and therefore precludes the granting of partial summary judgment. Lazer, J. P., Mangano and Gibbons, JJ., concur.

Gulotta, J., concurs in part and dissents in part, with the following memorandum: Although I am otherwise in agreement that partial summary judgment was properly denied, I cannot agree with my brethren in the majority that the grant in issue created an easement in the defendant's favor as a matter of law. In my opinion the language employed is susceptible of varying

interpretations, and I therefore believe that a trial must be held not only to determine whether the plaintiffs had the requisite notice of defendant's alleged easement at the time of purchase, but whether, in fact, the intent of the parties as gleaned from all of the circumstances was to grant the defendant an easement at all or merely a license.