■ JAMES M. TODD, Doing Business as COIN OPERATED EQUIPMENT COMPANY, Respondent, v RONALD S. KROLICK et al., Doing Business as GENTLEMEN, Appellants. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered October 18, 1982 in Schenectady County, which granted plaintiff's motion for a preliminary injunction and denied defendants' cross motion to dismiss the complaint. Plaintiff is the operator of a business that provides laundry machines for use in apartment complexes pursuant to agreements under which the owners of the apartments receive a share of the revenues generated by the coin operated machines. On August 10, 1979, plaintiff entered into a written agreement with Monarch Associates, defendants' predecessor in title, giving plaintiff a sole and exclusive right to install and maintain laundry machines in the apartment complex presently owned by defendants. The contract was for a period of 10 years and purported to be binding "on the heirs, successors and assigns of the parties and the rights hereunder shall not be disturbed or affected by foreclosure, acquisition, merger or any change of ownership". In 1980, Monarch Associates, in lieu of foreclosure, transferred the property by deed to Marine Midland Bank. In February, 1981, the bank conveyed the property to defendants. During negotiations for the purchase of the property, defendants inquired about the laundry machines on the property and were advised by Marine Midland Bank that there was no existing agreement concerning any laundry machines located on the subject premises. In response to several written requests from defendants to remove the machines, plaintiff commenced this action seeking a permanent injunction preventing the removal of the machines during the term of its contract with Monarch Associates and, by order to show cause, moved for a preliminary injunction. Defendants opposed the motion and cross-moved to dismiss the complaint. Special Term granted plaintiff's motion for a preliminary injunction and denied defendants' cross motion. This appeal by defendants ensued.*
First, we unhesitatingly hold that the complaint fails to allege facts sufficient to establish a contract cause of action. Mutual assent is essential to the formation of a contract (*Tri-City Renta-Car & Leasing Corp. v Vaillancourt,* 33 AD2d 613). Here, we have a bilateral contract between plaintiff and Monarch Associates, not between plaintiff and defendants. Even though the subject contract purports to bind any successors to the property, it is clear that the assignee of rights under a bilateral contract is not obligated to perform the duties under the contract unless he expressly assumes to do so (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 402). Defendants have made no such assumption. Next, the contract between plaintiff and Monarch Associates was in the nature of a license rather than a lease or an easement (*Bermann v Windale Props.,* 4 AD2d 746). The agreement did not give plaintiff exclusive possession and control of any definite space in the apartment complex, the only requirement being that tenants have access to the machines.

---

* Subsequent to the entry of the order defendants moved for reargument and requested the posting of a bond. The motion for reargument was denied and a $5,000 bond was required to be posted by plaintiff.

Accordingly, defendants are not bound by the terms of the contract merely because they had knowledge of the agreement and may have accepted benefits thereunder (*id.*). While it is difficult to distinguish an easement from a license in real property, they are distinct in principle (see, generally, 17 NY Jur, Easements and Licenses, § 3, pp 254-256). An easement always implies an interest in the land in and over which it is to be enjoyed, whereas a license merely confers a personal privilege to do some act or acts on the land without possessing any interest therein. Further, since an easement creates an interest in land, it is normally created by grant or prescription (see 17 NY Jur, Easements and Licenses, § 14, pp 265-266). While the grant need not contain all the formalities of a deed, it must contain a description of the land that is to be subject to the easement with sufficient clarity to locate it with reasonable certainty (see 17 NY Jur, Easements and Licenses, § 29, p 275). Here, the contract between plaintiff and defendants' predecessor in title did not purport to create any interest in plaintiff in the apartment complex. Instead, it merely conferred upon plaintiff the right or privilege to install laundry machines on the property and to service the same. Accordingly, we conclude that the agreement did no more than create a revocable license which was extinguished by the conveyance of the property to defendants. Plaintiff's contention that defendants ratified the agreement by allowing the machines to remain on the premises for approximately one year without objection and accepting payments from plaintiff during that period is without merit. These allegations were set forth in an amended complaint attached to plaintiff's affidavit in opposition to defendant's subsequent motion to reargue Special Term's order. An appeal can only bring up for review issues determined by the judgment or order being reviewed (see CPLR 5517). An issue not raised at Special Term may not be raised for the first time on appeal (*Bankers Trust Co. of Albany v Martin*, 51 AD2d 411, 414). Since we have concluded that defendants' cross motion to dismiss the complaint should have been granted, we need not review Special Term's exercise of discretion in granting plaintiff a preliminary injunction. Order reversed, on the law, with costs, cross motion granted, and complaint dismissed. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur.

Levine, J., dissents and votes to affirm in the following memorandum.

Levine, J. (dissenting). I respectfully dissent. The agreement between plaintiff and defendants' predecessor in interest created more than a revocable license. It gave plaintiff the right, exclusive against the owner of the fee and third persons, to install and maintain coin-operated washing and drying machines at a specifically designated apartment building in the City of Saratoga Springs. Incidental thereto, it also gave plaintiff the right to draw water and electricity from the building's power and water lines and to connect with its sewer line for waste disposal. These property-related benefits conferred in favor of plaintiff and burdens on the property interest of the owner were sufficient, under both past and recent precedent, to create an interest in the nature either of an easement in gross or arising out of a covenant "running with the land". As such, plaintiff's interest was enforceable against the original owner and any successors with notice. Rather than merely being given a privilege to do one or more acts on the real property for a specific purpose, plaintiff essentially was granted the right to commercial exploitation of, and permanent possession and occupancy of space in, the servient realty during a fixed period of time. As culled from the cases, these are the basic characteristics which distinguish an easement in gross from a license (*Saratoga State Waters Corp. v Pratt*, 227 NY 429, 442-446; *Arvay v New York Tel. Co.*, 79 AD2d 980; *Matter of XAR Corp. v Di Donato*, 76 AD2d 972; *Historic Estates v United Paper Bd. Co.*, 260 App Div 344, affd 285 NY 658; *Borough Bill Posting Co. v Levy*, 144 App Div 784; 2 Warren's Weed, New York Real Property [4th

ed], Easements, §§ 1.01-1.04). Certainly, the exclusive rights to occupy a portion of the realty and to draw water and power therefrom conferred a greater estate in the land than the right to take water from a spring on the property in *Historic Estates v United Paper Bd. Co.* (*supra*) or to maintain equipment on the subject property in *Arvay v New York Tel. Co.* (*supra*). Nor does the absence of a more complete description of the subject land negate the existence of an easement here. The building in which the machines were to be placed was clearly identified in the agreement. The agreement's description of the servient realty was no less specific here than it was in the agreement in *Borough Bill Posting Co. v Levy* (*supra*). That no definite location for plaintiff's machines was designated in the agreement is likewise not fatal to an easement. The failure to specify a definite space for the location of the signs in *Borough Bill Posting Co.* or the location of the machines to be maintained on the land in *Arvay* did not negate the existence of easements in gross in those cases. *Bermann v Windale Props.* (4 AD2d 746), relied upon by the majority for this point, should not be controlling. In *Bermann* and the cases cited therein, the competing contentions were restricted to whether the agreements created a license or a lease. Since the agreements in those cases did not describe specifically demised premises, it was proper to hold that no leases had been created. However, in none of these cases was there consideration of whether an easement in gross had been granted. Equally, in my view, the rights plaintiff acquired in the contract are enforceable against a purchaser with notice as a covenant "running with the land". The provision of the agreement expressly binding the owner, his heirs and successors in interest establishes the parties' intent to have the covenant run. Undeniably, there was an unbroken line of succession of conveyances between defendants and plaintiff's covenantor sufficient to establish privity of estate (*Nicholson v 300 Broadway Realty Corp.,* 7 NY2d 240, 245; see, also, *Eagle Enterprises v Gross,* 39 NY2d 505).[*] Under the agreement, the owner was prevented from excluding plaintiff's machines from the property, from otherwise using the area to be devoted to the machines, and from installing on the property his own machines and those of third persons. Defendants' predecessor's covenants in the agreement thus seriously impinged upon the covenantor's rights of ownership and beneficial enjoyment of the property. Therefore, the agreement substantially "touched and concerned" the subject property (*Nicholson v 300 Broadway Realty Corp.,* 7 NY2d 240, 245-246, *supra; Neponsit Prop. Owners' Assn. v Emigrant Ind. Sav. Bank,* 278 NY 248, 255-256, *supra;* Clark, Real Covenants and Other Interests Which "Run With the Land", pp 76-79, 90). Here, then, all the necessary elements of a covenant "running with the land" have been pleaded (*Eagle Enterprises v Gross,* 39 NY2d 505, 508, *supra; Nicholson v 300 Broadway Corp., supra,* p 245; *Neponsit Prop. Owners' Assn. v Emigrant Ind. Sav. Bank, supra,* p 255). Since there were sufficient allegations that defendants were purchasers with notice and establishing plaintiff's rights as either an easement in gross or a covenant running with the land, Special Term properly denied defendants' cross motion to dismiss the complaint. Moreover, in view of the serious questions regarding the adequacy of plaintiff's remedy at law, Special Term was also correct in granting a preliminary injunction. Therefore, its order should be affirmed.

---

[*] In any event, the requirement of privity of estate is subject to equitable principles and is not to be technically applied (*Neponsit Prop. Owners' Assn. v Emigrant Ind. Sav. Bank,* 278 NY 248, 261). Privity has not been held to be strictly necessary to enforce a restrictive covenant where notice to a successor in interest has been established (*Equitable Life Assur. Soc. v Brennan,* 148 NY 661, 671-672; *Trustees of Columbia Coll. v Lynch,* 70 NY 440, 449; Clark, Real Covenants and Other Interests Which "Run With the Land", pp 150-151, 157-158).