OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The complaint does not state a cause of action because, as the Appellate Division held (96 AD2d 695), the washing machine agreement between plaintiff and Monarch Associates which plaintiff seeks to enforce against defendants, Monarch’s successor in title, is a license, not a lease or easement. The complaint is insufficient for the further reason that it fails to allege that the agreement, which purported to bind Monarch and its successors for a period of 10 years, was recorded. Under sections 290 and 291 of the Real Property Law the agreement, whether a license, lease, easement or covenant running with the land, because it creates an interest in real property for longer than three years, “is void as against any person who subsequently purchases or acquires * * * the same real property * * * in good faith for a valuable consideration” (Real Property Law, § 291). The complaint alleges no more than that defendants had notice of the washing machines, not that they had notice of the agreement. There is, therefore, no allegation of constructive notice of the agreement sufficient to make section 291 inapplicable (Bermann v Windale Props., 4 AD2d 746; General Meter Serv. Corp. v Manufacturers Trust Co., 182 Misc 184, 187, affd 267 App Div 992; Wash-O-Matic Laundry Co. v 621 Lefferts Ave. Corp., 191 Misc 884, 886; see Andy Assoc. v Bankers Trust Co., 49 NY2d 13).
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.