Main, J.
Appeal from an order of the Supreme Court in favor of plaintiff Gary Alford, entered January 31, 1985 in St. Lawrence County, upon a verdict rendered at Trial Term (Duskas, J.).
Defendant, in August 1982, cut down a number of trees located near its power transmission lines running across property owned by plaintiffs. Defendant did so pursuant to an easement that one of its predecessors in interest had acquired in 1939. By virtue of that easement, defendant possessed “the right to trim, cut and remove any trees, limbs, brush or other obstructions on either side of said lines which [defendant] may deem likely to interfere with the operation thereof’. This action was commenced seeking $25,500 in damages to replace the trees that had been removed. After a jury trial, plaintiff Gary Alford was awarded damages in the sum of $2,500.*
We affirm. Although they may not have had actual knowledge of the easement in question when they purchased their property, plaintiffs nonetheless took title subject to the easement since they knew of the existence of defendant’s power lines on the parcel when they made such purchase (see, Matter of XAR Corp. v Di Donato, 76 AD2d 972, 973). Thus, defendant was entitled to full enjoyment of the easement. With the exception of one statement in the easement that defendant had the right to keep its lines clear of obstructions by at least 48 inches, the document is silent as to the physical extent of the easement in relation to defendant’s poles and wires. Such being the case, whether defendant’s actions went beyond its reasonable use and enjoyment of the easement was a factual question for determination by the jury (see, Joss v Niagara *925 Mohawk Power Corp., 41 AD2d 596), and we do not now disturb the jury’s finding that defendant exceeded its rights under the easement.
Regarding damages, plaintiffs were entitled to receive the lesser of the cost of restoration or the decline in market value. Plaintiffs presented testimony with respect only to the cost of restoration and defendant’s expert testified only as to the property’s market value. Defendant’s claim, that the testimony of its expert that there was no decline in market value must be accepted since there was no evidence offered to dispute it, is without merit. The claim that a different measure of damages would yield a lesser award presents a mitigation issue, and the burden falls upon defendant to prove that a lesser amount than that claimed by plaintiffs will sufficiently compensate them for the loss (Jenkins v Etlinger, 55 NY2d 35). The jury, as was its right, apparently chose not to credit the testimony of defendant’s expert. That plaintiffs did not prove injury under every potentially applicable measure should not operate to deprive them of recovery (see, id., p 40). Although we conclude that portions of the testimony of plaintiffs’ expert witness were based upon inadmissible hearsay, that portion of his testimony dealing with labor costs related to the restoration was based upon his own knowledge and expertise and was more than sufficient to sustain the amount awarded by the jury.
Order affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

 Although plaintiff Sharon L. Alford was added as a party by motion made at the beginning of trial, the order appealed fails to reflect that fact and states that the jury’s verdict was rendered in favor of plaintiff Gary Alford.